**Filomeno Sotelo MONDRAGON, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.**

**No. 79–7131.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 12, 1980.

Decided Aug. 11, 1980.

Donald L. Ungar, San Francisco, Cal., for petitioner.

Frank E. Devine, James P. Morris, Dept. of Justice, Washington, D. C., for respondent.

Before GOODWIN and SKOPIL, Circuit Judges, and WILKINS,* District Judge.

* The Honorable Philip C. Wilkins, Chief Judge of the United States District Court for the Eastern District of California, sitting by designation.

PER CURIAM.

Filomeno Sotelo Mondragon, a Mexican alien, appeals the refusal of the Board of Immigration Appeals to reconsider a deportation order. Because this court has previously sustained the deportation order, we find that we are without jurisdiction to review the Board's action.

On January 25, 1975, Mondragon, a lawful permanent resident of the United States for fourteen years, left this country to visit a relative in Juarez, Mexico. The following day, Mondragon and his relative were apprehended as they attempted to cross the border at El Paso, under circumstances indicating that he was aiding her illegal entry. The Immigration and Naturalization Service prevented Mondragon from reentering the United States pending an exclusion hearing on charges of violating 8 U.S.C. § 1182(a)(31).[1] Before the completion of the exclusion proceedings, Mondragon reentered the United States without submitting to inspection and returned to his home in California.

In October 1976, an immigration judge found that Mondragon had reentered illegally and ordered him deported, granting voluntary departure. Mondragon unsuccessfully appealed this decision and subsequently moved to reopen, arguing that the Board of Immigration Appeals should consider his application for a waiver of exclusion under 8 U.S.C. § 1182(c).[2] The Board denied this motion and, in April 1978, issued a deportation order.

Mondragon then filed a petition for a writ of habeas corpus in district court, claiming that the deportation order was unlawful because he had been improperly prevented from entering the United States after the El Paso crossing incident. Mondragon also sought review of the Board's denial of his motion to reopen. The district court denied relief, and this court affirmed in *Mondragon v. Ilchert,* No. 78–3051 (9th Cir. Jan. 25, 1980).

Following the district court's denial of his habeas corpus petition, Mondragon filed a motion for reconsideration with the Board. This motion was based upon a claim that Mondragon had not raised in any previous administrative or judicial proceedings: because Mondragon had not "entered" the United States within the meaning of 8 U.S.C. § 1251(a)(2),[3] he was not deportable. Mondragon urged the Board to apply the rule of *Rosenberg v. Fleuti,* 374 U.S. 449, 83 S.Ct. 1804, 10 L.Ed.2d 1000 (1963), arguing that because his excursion into Mexico was not "meaningfully interruptive" of his permanent residence, his return to the United States was not an "entry." The Board denied the motion to reconsider, and this appeal followed.

We find that 8 U.S.C. § 1105a(c) bars review of the Board's refusal to reopen. That section reads as follows:

"(c) An order of deportation or of exclusion shall not be reviewed by any court if the alien has not exhausted the adminis-

---

1. 8 U.S.C. § 1182(a)(31) reads as follows:

   "(a) Except as otherwise provided in this chapter, the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission into the United States:

   . . . . .

   "(31) Any alien who at any time shall have, knowingly and for gain, encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law."

2. 8 U.S.C. § 1182(c) reads as follows:

   "(c) Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful

unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of paragraphs (1)–(25), (30), and (31) of subsection (a) of this section."

3. 8 U.S.C. § 1251(a)(2) reads as follows:

   "(a) Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who—

   . . . . .

   "(2) entered the United States without inspection or at any time or place other than as designated by the Attorney General or is in the United States in violation of this chapter or in violation of any other law of the United States."

trative remedies available to him as of right under the immigration laws and regulations or if he has departed from the United States after the issuance of the order. Every petition for review or for habeas corpus shall state whether the validity of the order has been upheld in any prior judicial proceeding, and, if so, the nature and date thereof, and the court in which such proceeding took place. No petition for review or for habeas corpus shall be entertained if the validity of the order has been previously determined in any civil or criminal proceeding, unless the petition presents grounds which the court finds could not have been presented in such prior proceeding, or the court finds that the remedy provided by such prior proceeding was inadequate or ineffective to test the validity of the order."

Mondragon contends that, despite this court's previous consideration of the deportation order in *Mondragon v. Ilchert*, the second sentence of § 1105a(c) does not preclude review of the refusal to reconsider because the basis of his motion to reconsider could not have been presented in the prior judicial proceedings. Specifically, Mondragon contends that because he had not raised the *Fleuti* issue in immigration proceedings before filing his habeas action, the district court would have found a failure to exhaust administrative remedies and refused to consider the question.

This analysis is flawed. The grounds for Mondragon's motion to reconsider could have been presented in prior judicial proceedings. The factual and legal bases of the *Fleuti* claim existed before the first deportation hearing, before Mondragon filed his habeas action. He could have raised the issue in his habeas corpus petition if he had raised it previously before the Board. He could, and should, have done so before going into court.

Were we to adopt Mondragon's reading of § 1105a(c), we would be inviting alien petitioners to withhold colorable defenses to deportation and to then file successive appeals from denials of motions for discretionary relief, claiming an inability to raise certain issues in prior judicial proceedings because of a "failure to exhaust." This result would be directly contrary to the congressional intent in enacting § 1105a(c) of "forbidding repeated judicial review of an order on grounds which could have been effectively raised in the initial judicial review proceeding." *Yamada v. Immigration and Naturalization Service*, 384 F.2d 214, 218 (9th Cir. 1967). See *Cheng Fan Kwok v. Immigration Serv.*, 392 U.S. 206, 214–16, 88 S.Ct. 1970, 1975–76, 20 L.Ed.2d 1037 (1968); *Acevedo v. Immigration and Naturalization Service*, 538 F.2d 918 (2nd Cir. 1976).[4]

Mondragon's failure to raise the *Fleuti* issue in a timely manner is perhaps unfortunate. That failure does not, however, warrant construing § 1105a(c) in a manner which would thwart its essential purpose.

The appeal is dismissed for want of jurisdiction.

---

4. This policy of limiting piecemeal litigation is reflected in regulations governing motions for reopening or reconsideration of immigration decisions. *See, e. g.*, 8 C.F.R. § 242.22 (providing that motion to reopen shall not be granted unless "evidence sought to be offered is material and was not available and could not have been discovered or presented" at a prior hearing).