**George Job VARIAMPARAMBIL, a/k/a V.J. George, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 86–1346.

United States Court of Appeals, Seventh Circuit.

Argued June 9, 1987.

Decided Oct. 15, 1987.

Nathan T. Notkin, Chicago, Ill., for petitioner.

Jane A. Williams, Office of Immigration Litigation, Civ. Div., Dept. of Justice, Washington, D.C., for respondent.

Before CUMMINGS, FLAUM, and EASTERBROOK, Circuit Judges.

CUMMINGS, Circuit Judge.

George Variamparambil seeks review of a decision of the Board of Immigration Appeals (the Board) denying his motion to reopen deportation proceedings. He contends that the Board erred in denying his motion to reopen on the ground that he is statutorily ineligible for a waiver of deportation under § 212(c) of the Immigration and Naturalization Act (INA), 8 U.S.C. § 1182(c). We deny the petition for review.

## I. FACTS

Variamparambil, a citizen of India, was admitted to the United States as a lawful permanent resident on August 12, 1977 and has remained here since. In 1983, he pleaded guilty to distributing and conspiring to distribute opium in violation of 21 U.S.C. §§ 841(a)(1) and 846. Consequently, the Immigration and Naturalization Service (INS) issued an order to show cause charging Variamparambil with deportability under § 241(a)(11) of the INA, 8 U.S.C. § 1251(a)(11), as an alien convicted of drug-related crimes. At the deportation hearing, Variamparambil admitted the factual allegations in the order to show cause but denied deportability. He attempted to present evidence that he had been entrapped by the government and that his conviction was the result of a coerced guilty plea. The immigration judge refused to allow such evidence and on March 21, 1984, found Variamparambil deportable as charged. The judge also ruled that Variamparambil was ineligible for any type of discretionary relief because of the convictions and because he had not accrued seven consecutive years of lawful, unrelinquished domicile in this country as required by § 212(c) of the INA, 8 U.S.C. § 1182(c), for waiver of exclusion or deportation. See n. 1 *infra.*

On appeal to the Board, Variamparambil contested the finding of deportability and reargued that his due process rights were violated because he was precluded from developing evidence that would have established that he was not deportable since his convictions were the result of improper government conduct and entrapment. In addition, he reiterated that he should have been allowed to apply for relief from deportation through a discretionary waiver of deportability under § 212(c) of the INA, which provides:.

Aliens lawfully admitted for permanent residence ... returning to a *lawful unrelinquished domicile of seven con-*

*secutive years*, may [again] be admitted [1] in the discretion of the Attorney General without regard to the [exclusion from admission] provisions of paragraphs (1)–(25),[2] (30), and (31) of subsection (a) of this section. Nothing contained in this subsection shall limit the authority of the Attorney General to exercise the discretion vested in him under section 1181(b) of this title [to readmit aliens without documentation]. (Emphasis added.)

On August 1, 1984, the Board affirmed the immigration judge's finding of deportability. The Board rejected Variamparambil's attempt to attack his criminal convictions collaterally in the deportation proceedings and found that his admission of his narcotic convictions, along with the certified record of those convictions, independently established clear, convincing, and unequivocal evidence of his deportability. The Board also ruled that Variamparambil was statutorily ineligible for discretionary relief under § 212(c) because he did not have seven years of lawful domicile subsequent to his admission as a lawful permanent resident. On September 4, 1985, this Court dismissed Variamparambil's October 5, 1984 petition for review, rejecting his argument that the immigration judge erred in refusing to accept evidence of the facts surrounding his convictions, then his only argument on appeal.

In the meantime, on August 15, 1984, Variamparambil moved the Board to reopen his deportation proceedings to allow him to apply for a waiver of deportability under § 212(c) because he had been lawfully domiciled in the United States for over seven years. His lawful permanent residence had begun August 12, 1977. The Board denied Variamparambil's motion to reopen on the ground that he was statutorily ineligible for such relief because he had not accumulated seven years of lawful domicile commencing August 1, 1977, prior to the final administrative order of deportation on August 1, 1984. Variamparambil petitions this Court for review of the January 18, 1986 refusal to reopen.

Variamparambil raises two arguments in his petition for review. He first claims that the Board erred in construing § 212(c) to preclude an alien from accumulating lawful domicile after the Board has affirmed the deportation order, which in this case was on August 1, 1984. He also challenges his deportation order on the ground that his convictions for distributing and conspiring to distribute opium are not deportable offenses.

## II.  JURISDICTION

[1] A threshold question concerns our jurisdiction to review the Board's decision denying the motion to reopen. Section 106 of the INA, 8 U.S.C. § 1105a, provides the

---

**1.** By its terms, the waiver of exclusion discretion given the Attorney General by § 212(c) applies only to excludable aliens seeking readmission to the United States. The Second Circuit has held that § 212(c) relief is also available in deportation proceedings. *Francis v. INS,* 532 F.2d 268 (2d Cir.1976). In *Francis,* the court found that extending § 212(c) relief to deportees who had left the country after committing a deportable offense, but not to deportees who had remained, was irrational and therefore violated the equal protection clause of the Fifth Amendment. "[A]n alien whose ties with this country are so strong that he has never departed ... should receive at least as much consideration as an individual who may leave." *Id.* at 273. See also *Tapia–Acuna v. INS,* 640 F.2d 223, 225 (9th Cir.1981) (Section 212(c) relief cannot constitutionally be denied to an otherwise eligible alien who is deportable under § 1251(a)(11) whether or not the alien has departed from or returned to the United States

after the conviction giving rise to deportability). The INS has adopted *Francis* nationwide so that all eligible permanent resident aliens who are ordered deported may ask the Attorney General to waive the ground for deportability under § 212(c). See *Matter of Silva,* 16 I & N Dec. 26 (BIA 1976). See also *Matter of Wadud,* Interim Decision #2980 (BIA Oct. 4, 1984); *Matter of Granados,* 16 I & N Dec. 726 (BIA 1979).

**2.** One of the waivable exclusion from admission grounds listed in § 212(a)(23), which is made waivable by the Attorney General in the case of lawfully admitted aliens "returning to a lawful unrelinquished domicile of seven consecutive years," is a conviction for "a violation of, or conspiracy to violate, any law or regulation relating to the illicit possession or traffic in narcotic drugs...." See 8 U.S.C. § 1182(a)(23). This is the exclusion counterpart of 8 U.S.C. § 1251(a)(11), the deportation ground applicable here.

basis for our jurisdiction over the denial of a motion to reopen. See *Giova v. Rosenberg,* 379 U.S. 18, 85 S.Ct. 156, 13 L.Ed.2d 90 (*per curiam*), reversing 308 F.2d 347 (9th Cir.1962) (*per curiam*) which held to the contrary. However, § 106(c) further provides that:

> No petition for review or for habeas corpus shall be entertained if the validity of the order has been previously determined in any civil or criminal proceedings, unless the petition presents grounds which the court finds could not have been presented in such prior proceeding, or the court finds that the remedy provided by such prior proceeding was inadequate or ineffective to test the validity of the order.

In enacting this provision, Congress sought to eliminate dilatory litigation tactics on the part of aliens subject to deportation and "to create a single, separate, statutory form of judicial review of administrative orders for the deportation and exclusion of aliens from the United States." H.R.Rep. No. 1086, 87th Cong., 1st Sess. 22–24, *reprinted in* 1961 U.S.Code Cong. & Admin. News, 2950, 2966. See also *Foti v. INS,* 375 U.S. 217, 226, 84 S.Ct. 306, 312, 11 L.Ed.2d 281 (basic purpose of 1961 legislation was "to expedite the deportation of undesirable aliens by preventing successive dilatory appeals to various federal courts").

This Court's previous consideration of Variamparambil's deportation order precludes review of his claim that his criminal convictions are not deportable offenses. The factual and legal bases of this claim existed at the time of the deportation hearing and could and should have been raised at that time and in the initial petition for review; thus we are without jurisdiction to entertain that claim. See *Mondragon v. INS,* 625 F.2d 270, 272 (9th Cir.1980).

■ Whether § 106(c) also precludes review of Variamparambil's claim that he is eligible for § 212(c) relief presents a slightly more difficult question. Variamparambil did request § 212(c) relief in the first proceeding; the Board denied this request because he had not accumulated seven years of lawful domicile. However, Var-

iamparambil did not raise the § 212(c) issue in his October 1984 petition for review to this Court. He correctly argues that he could not have because he did not accumulate seven years' domicile until after the Board denied his original request for discretionary relief.

We agree that the instant petition for review presents grounds which "could not have been presented in [the] prior proceeding" within the meaning of § 106(c). As already noted, the August 1, 1984 Board order merely ruled that Variamparambil was not *then* statutorily eligible for a waiver of deportation; indeed at that time the Board deemed the request frivolous. Nothing in the order suggests that the Board was ruling that Variamparambil could never be eligible for a § 212(c) waiver. The Board's order did not purport to terminate Variamparambil's ability to be lawfully domiciled as of August 1, 1984. That ruling was not made until the January 1986 denial of the August 15, 1984 motion to reopen.

The motion to reopen was the proper vehicle for bringing the § 212(c) claim before the Board. See 8 U.S.C. § 1105a(c) (requiring exhaustion of available administrative remedies prior to seeking judicial review). It was not until after the August 1, 1984 final administrative order of deportation that Variamparambil had been in the United States for seven years. *Cf.* 8 C.F.R. § 3.2 (motion to reopen seeking discretionary relief shall be denied unless relief "sought on the basis of circumstances which have arisen subsequent to the hearing").

While we are without jurisdiction to entertain Variamparambil's claim that his criminal convictions are not deportable offenses, we do have jurisdiction over his claim that the Board improperly construed § 212(c) when it denied the motion to reopen.

### III. SEVEN YEARS LAWFUL DOMICILE

■ To be eligible for discretionary relief from deportation under § 212(c) an alien must (1) be "lawfully admitted for

permanent residence" and (2) have "a lawful unrelinquished domicile of seven consecutive years." The first prong was admittedly satisfied in this case. The parties now also agree that the seven-year period of lawful domicile is to be measured from August 12, 1977, the date Variamparambil was admitted to this country as a lawful permanent resident. But they disagree as to when Variamparambil's lawful domicile ended. He argues that he continued to be lawfully domiciled during judicial review of his deportation order, and thus, he became eligible for § 212(c) relief on August 12, 1984. The INS contends that we should follow the Board's interpretation that his lawful domicile ended when the Board affirmed the immigration judge's order of deportation on August 1, 1984, eleven days short of the required seven years.

Both the denial of a motion to reopen and the denial of § 212(c) relief are discretionary matters with the Attorney General and the Board. The Board may deny relief on discretionary grounds even to an alien who satisfies the statutory requirements of eligibility. See, *e.g., INS v. Rios–Pineda*, 471 U.S. 444, 450, 105 S.Ct. 2098, 2102, 85 L.Ed.2d 452; *Achacoso–Sanchez v. INS*, 779 F.2d 1260, 1265 (7th Cir.1985). In this case, however, the Board decided that Variamparambil was legally not eligible for relief; no exercise of discretion was involved. The Board held that Variamparambil was ineligible as a matter of law because his lawful domicile terminated when the Board affirmed the immigration judge's finding of deportability on August 1, 1984. The INS's interpretation of § 212(c) is of course entitled to deference by this Court. *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842–45, 104 S.Ct. 2778, 2781–83, 81 L.Ed.2d 694; *Udall v. Tallman*, 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616. Because the Board's construction of § 212(c) is reasonable, we deny the petition for review.

The Board first considered the issue of when an alien's lawful domicile ends in *In re Lok*, 18 I & N Dec. 101 (BIA 1981), affirmed on different ground, 681 F.2d 107 (2d Cir.1982). There the Board considered four possible steps in the deportation process when the status of an alien admitted for permanent residence might terminate: (1) when the immigration judge ordered the alien deported; (2) when the immigration judge's deportation order became administratively final; (3) when the court of appeals acted upon a petition for review of the Board's order or the time allowed for filing a petition expired; or (4) upon the execution of the deportation order by the alien's departure from this country. *Lok*, 18 I & N Dec. at 105. In reviewing these alternatives in *Lok*, the Board first looked to the definition of the term "lawfully admitted for permanent residence", which is defined in § 101(a)(20) of the INA, 8 U.S.C. § 1101(a)(20), as "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with immigration laws, *such status not having changed.*" (Emphasis added.) *Id.* The Board concluded that an alien's status as a lawful permanent resident changes upon a final administrative order of deportation. It reasoned that terminating the alien's status upon the immigration judge's adjudication of deportability would be premature because the Board has a statutory obligation to make a *de novo* review of the immigration judge's findings of fact and conclusions of law. But it rejected the argument that lawful status should extend beyond the final administrative order of deportation. "Authority to adjudicate an alien's deportability is vested primarily in the Attorney General and his delegates, the immigration judge and the Board." *Id.* at 107. Although the alien is entitled to seek review of an adverse decision in the Court of Appeals, the appellate court's scope of review is limited. *Id.* Absent an error of law or unfairness in procedure, the court must affirm the administrative order of deportation if the order is supported by reasonable, substantial, and probative evidence. See 8 U.S.C. § 1105a(a)(4). The Board stated that extending the time beyond the final administrative order would encourage spurious appeals made solely for the purpose of accumulating more time for § 212(c) relief. Fi-

nally, the Board noted that if the reviewing court does determine that the Board erred with respect to the deportability finding, reversal of the deportation order would restore the alien's lawful permanent residence status.

We agree with the Fifth Circuit that the Board's interpretation of § 212(c) is reasonable and reflects a careful consideration of the alternatives. *Rivera v. INS*, 810 F.2d 540, 541 (5th Cir.1987) (on rehearing). The interpretation "[requires] the alien to assert his claim for discretionary relief from deportation while his deportation order is on appeal to the Board [and] permits the Board to consider both claims together; this in turn prevents the alien from stringing out his claims and delaying the ultimate disposition of his case." *Id.* at 541. The Board's interpretation is sensible because it allows the alien ample time to assert his claim for § 212(c) relief but prevents him from unnecessarily increasing the Board's workload and delaying the ultimate disposition of the case. *Id.* at 542.

Other Circuits have reached different conclusions. *Lok v. INS*, 681 F.2d 107, 110 (2d Cir.1982) (suggesting that lawful domicile might end before Board affirms deportation order if alien concedes deportability and there is a final and unchallenged finding of deportability); *MartiXiques v. INS*, 741 F.2d 350, 355 (11th Cir.1984) (the most viable and fair cutoff date is the date upon which the INS commences deportation proceedings, *i.e.*, when the order to show cause is issued) (on rehearing); *Wall v. INS*, 722 F.2d 1442, 1444 (9th Cir.1984) (seven-year period encompasses the time pending review of a deportation order by a court of appeals where the deportation order is challenged on the merits); *Avila–Murrieta v. INS*, 762 F.2d 733, 735 (9th Cir.1985) (agreeing with Second and Eleventh Circuits insofar as they hold that elapsed time during an appeal that does not challenge the order of deportation cannot be used as part of the required seven years under § 212(c); declining to decide whether an alien's lawful domicile terminates when the INS commences deportation proceedings or when the deportation order is final because under either rule petitioner did not have seven years of lawful domicile; at the very least, an alien's lawful domicile terminates when the alien concedes deportability and fails to challenge the merits of the deportation order). See also *Reid v. INS*, 756 F.2d 7, 10 (3d Cir.1985) (rejecting alien's claims that seven-year period in § 212(c) continues to accrue until the alien actually departs from the country pursuant to a lawful order of deportation; unnecessary to decide at what point lawful domicile terminated because even under Ninth Circuit's *Wall* rule alien did not meet seven-year requirement); *Dabone v. Karn*, 763 F.2d 593, 598 (3d Cir.1985) (accrual of seven years in exclusion proceedings stops at least when decision is administratively final; distinguishing *Wall* because it was a deportation case in which there was an automatic stay and appellate review available as a matter of law, both of which are unavailable in exclusion proceedings; unnecessary to decide between positions because alien did not have seven years' lawful domicile under either view).

Our decision is also supported by *INS v. Rios–Pineda*, 471 U.S. 444, 105 S.Ct. 2098, 85 L.Ed.2d 452. The Court there examined a related question of whether the seven-year "continuous physical presence" requirement of 8 U.S.C. § 1254(a)(1), which provides for suspension of deportation, is met when the term of residency results from the filing of a frivolous appeal of the original deportation order. The petitioner in *Rios–Pineda* became eligible for § 1254(a)(1) relief during the pendency of a frivolous petition for review of the original deportation order. The Court held that the Board did not exceed its discretion in denying a motion to reopen the proceedings to permit an alien to apply for discretionary relief where the seven-year requirement was satisfied in this manner. *Id.* 105 S.Ct. at 2102. "The Attorney General can, in exercising his discretion, legitimately avoid creating a further incentive for stalling by refusing to reopen suspension proceedings for those who became eligible for such suspension only because of the passage of time while their meritless appeals dragged on." *Id.*

Administering the 7–year requirement in this manner is within the authority of the Attorney General. The Act commits the definition of the standards in the Act to the Attorney General and his delegate in the first instance, 'and their construction and application of th[ese] standard[s] should not be overturned by a reviewing court simply because it may prefer another interpretation of the statute.'

*Id.,* 105 S.Ct. at 2103 (quoting *INS v. Jong Ha Wang,* 450 U.S. 139, 144, 101 S.Ct. 1027, 1031, 67 L.Ed.2d 123).

This Court is without jurisdiction to entertain Variamparambil's claim that his convictions are not deportable offenses. We find no abuse of discretion or error of law in the Board's denial of the motion to reopen the deportation proceedings on the ground that he is not eligible for relief under § 212(c). Accordingly, the petition for review is denied for want of satisfying the seven-year domiciliary requirement.