958 F.2d 368
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Walter Manuel Tapia REYES, Petitioner,
v.
The UNITED STATES ATTORNEY GENERAL; U.S. Immigration &
Naturalization Service, Respondents.
 No. 91-2181.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 10, 1992.
Decided March 16, 1992.
As Amended April 27, 1992.
 
 On Petition for Review of an Order of the Immigration and Naturalization Service
 Luis F. Salgado, Washington, D.C., for petitioner.
 Stuart M. Gerson, Assistant Attorney General, Robert Kendall, Jr., Assistant Director, Lisa Dornell, Civil Division, United States Department of Justice, Washington, D.C., for respondents.
 I.N.S.
 AFFIRMED.
 Before PHILLIPS, WILKINS and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Walter Manuel Tapia Reyes appeals from the order of the Board of Immigration Appeals ("Board") affirming an immigration judge's order of deportation and denial of discretionary waiver relief pursuant to sections 241(a)(11) and 212(c) of the Immigration and Nationality Act, 8 U.S.C.A. § 1251(a)(11) (West Supp.1991) and 8 U.S.C. § 1182(c) (1988). Because we find no abuse of discretion in any aspect of the Board's order, we affirm.
 
 
 2
 Walter Manuel Tapia Reyes entered the United States in 1979 without inspection by an immigration officer. He became a lawful permanent resident of this Country upon marriage to a United States citizen in 1980.
 
 
 3
 In 1987 Petitioner was convicted of conspiracy to possess with intent to distribute, and distribution of more than one kilogram of cocaine, in violation of 21 U.S.C. § 846 (1988), and filing a false income tax return, in violation of 26 U.S.C. § 7206(1) (1988) and 18 U.S.C. § 2 (1988). Deportation proceedings were initiated by an Order to Show Cause and Notice of Hearing issued on June 2, 1988, pursuant to section 242 of the Immigration and Nationality Act ("Act"), 8 U.S.C.A. § 1252 (West 1970 & Supp.1991). Due to the drug conviction, Petitioner was found deportable under section 241(a)(11) of the Act, 8 U.S.C.A. § 1251(a)(11) (West Supp.1991). Petitioner appealed the subsequent order of deportation and applied for a waiver of inadmissibility under section 212(c) of the Act, 8 U.S.C. § 1182(c) (1988).
 
 
 4
 The Board affirmed the immigration judge's finding of deportability as well as the denial of Petitioner's application for waiver relief from deportation under section 212(c). In so doing, the Board rejected Petitioner's three main arguments: that the immigration judge erred in not giving sufficient weight to the hardship to his family which would result from deportation; that the immigration judge erred in finding no rehabilitation despite the fact that Petitioner had only abused cocaine for a two-year period from 1984 to 1986; and that outstanding equities were sufficient to merit relief, to wit, that he has a United States citizen child, resident children, and that he is a dependable worker. The Board found no abuse of discretion by the immigration judge and found Petitioner undeserving of relief. It therefore dismissed his appeal.
 
 
 5
 Petitioner has raised the following issues on appeal:
 
 
 6
 1. Whether the Board abused its discretion in denying oral argument.
 
 
 7
 2. Whether the Board abused its discretion in denying the application for waiver of inadmissibility and ordering deportation.
 
 
 8
 As to the first issue presented, there is no right to oral argument in appeals before the Board. Rather, the decision whether to grant argument is discretionary with the Board. 8 C.F.R. § 3.1(e) (1991). The facts were sufficiently presented in the materials before the Board at the time of its decision, and Petitioner has not stated how argument would have aided his case. We find no abuse of discretion in the Board's denial of argument.
 
 
 9
 There is also no merit to Petitioner's contention that the Board abused its discretion in denying his application for waiver relief. Such waivers are discretionary. See McLean v. INS, 901 F.2d 204, 205 (1st Cir.1990) (standard of review in discretionary waiver cases); Variamparambil v. INS, 831 F.2d 1362, 1366 (7th Cir.1987); 8 C.F.R. § 212.3 (1991).
 
 
 10
 The agency's findings of fact are entitled to deference on appeal. See Martin-Mendoza v. INS, 499 F.2d 918, 920 (9th Cir.1974), cert. denied, 419 U.S. 1113 (1975). There is no reason to disturb the Board's credibility determination or factual finding of no rehabilitation. The Board took into account Petitioner's return to prison after being rearrested shortly after his release on parole, as well as his refusal to undergo drug abuse counseling, before concluding that Petitioner had not been rehabilitated.
 
 
 11
 The Board's opinion denying discretionary relief not only rejects Petitioner's assignments of error regarding the immigration judge's decision, but independently states its own reasons for denying relief. The Board weighed the equities in this case and concluded that Petitioner's one conviction was sufficiently serious in the context of his long and extensive involvement in a drug distribution ring. Moreover, it noted that while Petitioner's family ties do present an outstanding equity, he never showed that he could not financially support his family from Peru. Other family members will also remain in the United States and may provide assistance, as they have when Petitioner was in prison.
 
 
 12
 Because the Board based its decision on a reasoned and legitimate weighing of the circumstances of the case, it acted within its discretion in ruling as it did. For these reasons, we grant Respondent's Motion for Summary Affirmance. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 13
 AFFIRMED.