ORDER
Marcelino Chavira-Cervantes, a Mexican citizen, entered the United States in 1971 as a lawful permanent resident. In 1990 he pleaded guilty in Illinois to charges of forcible rape. See Ill.Rev.Stat. Ch. 38, § 12-13(a)(l) (1985) (since redesignated 720 ILCS 5/12-13(a)(l)). Congress later included rape among the aggravated felonies that trigger removability and bar most forms of discretionary relief, see 8 U.S.C. §§ 1101(a)(43)(A), 1227(a)(2)(A)(iii), and in 2000 the government commenced proceedings to remove Chavira as an alien convicted of an aggravated felony. An Immigration Judge sustained the charge of removability and also rejected Chavira’s application for a waiver under former § 212(c) of the Immigration and Nationality Act. See 8 U.S.C. § 1182(c) (1994). The Board of Immigration Appeals upheld this decision, and Chavira has petitioned for review. We confine our review to questions of law, see 8 U.S.C. § 1252(a)(2)(D), and deny the petition.
Chavira argues that the rape charges did not result in a conviction for an aggravated felony because he received a sentence of probation instead of imprisonment. According to Chavira, a conviction incurred before 1996 does not meet the statutory criteria for an “aggravated felony” unless a prison sentence of 5 or more years was imposed. We cannot review this argument, since it was never exhausted in the immigration courts. See 8 U.S.C. § 1252(d)(1); Muratoski v. Holder, 622 F.3d 824, 830 (7th Cir.2010). At all events, Chavira misunderstands the law. Congress amended the statutory definition of “aggravated felony” in 1996, and that definition, which includes the crime of rape regardless of punishment, 8 U.S.C. § 1101(a)(43)(A), is retroactive, see Alvarado-Fonseca v. Holder, 631 F.3d 385 (7th Cir.2011); Flores-Leon v. INS, 272 F.3d 433 (7th Cir.2001).
Chavira also contends that the BIA wrongly concluded that he is not eligible for a waiver of removal under former § 212(c). That waiver permitted some aliens to enter or remain in the United States even if they had committed an act that would otherwise bar entry or end their lawful stay. See 8 U.S.C. § 1182(c) (1994); Valere v. Gonzales, 473 F.3d 757, 759 (7th Cir.2007). Although § 212(c) was repealed in 1996, the Supreme Court held in INS v. St. Cyr, 533 U.S. 289, 326, 121 *529 S.Ct. 2271, 150 L.Ed.2d 347 (2001), that this discretionary remedy remains available to aliens who pleaded guilty before its repeal if they were eligible for the waiver at the time of conviction. The IJ concluded, and the BIA agreed, that Chavira was never eligible.
To appreciate the narrow contention raised in Chavira’s brief, some background about § 212(c) is necessary. By its terms that provision authorizes a waiver of inadmissibility for certain aliens who would be barred from entering the United States because of a particular statutory bar to admission. 8 U.S.C. § 1182(c)(2) (1994). Chavira has never been denied admission, so § 212(c), read literally, does not apply to him. But long ago the BIA concluded that, as a matter of fairness, an alien previously admitted yet facing removal ought to have the same chance at a waiver as someone who is otherwise inadmissible and now seeks admission. Matter of Silva, 16 I. & N. Dec. 26 (BIA 1976). Thus, aliens in removal proceedings may apply for relief under § 212(c) on equal terms with people refused admission to the United States. Frederick v. Holder, 644 F.3d 357, 359, 2011 WL 1642811, at *2 (7th Cir. May 3, 2011); Zamora-Mallari v. Mukasey, 514 F.3d 679, 684-85 (7th Cir.2008); Valere, 473 F.3d at 760; Leal-Rodriguez v. INS, 990 F.2d 939, 949 (7th Cir.1993); Variamparambil v. INS, 831 F.2d 1362, 1364 n. 1 (7th Cir.1987).
In his brief, Chavira asserts that he was denied a § 212(c) waiver only because he was subject to removal rather than exclusion. But the BIA drew no such distinction here, and has not done so since Matter of Silva. Instead, the BIA explained that an alien who faces removal on a statutory ground that has no counterpart in 8 U.S.C. § 1182(a)’s grounds of inadmissibility is not similarly situated to an alien seeking admission, and is thus ineligible for the waiver. 8 C.F.R. § 1212.3(f)(5); see also Frederick, 644 F.3d at 359, 2011 WL 1642811, at *2; Zamora-Mallari, 514 F.3d at 685; Valere, 473 F.3d at 761-62. Fairness does not require a broader waiver for aliens fighting deportation than for those covered by § 212(c)’s literal language. See Valere, 473 F.3d at 762. Here, Chavira faces removal for the aggravated felony of rape. See 8 U.S.C. §§ 1101(a)(43)(A), 1227(a) (2) (A) (iii). His brief does not grapple with the BIA’s legal conclusion that this ground of removal lacks a statutory counterpart in the grounds of inadmissibility, so the challenge is waived. See Lin v. Holder, 630 F.3d 536, 543 (7th Cir.2010); Haxhiu v. Mukasey, 519 F.3d 685, 691 (7th Cir.2008).
Finally, Chavira argues that we should remand his case for consideration of a new application he and his daughter recently filed to adjust his status. Yet that application came a month after Chavira filed the petition for review in this case. It lies outside the administrative record and cannot guide today’s decision. See 8 U.S.C. § 1252(b)(4)(A); see also Lin, 630 F.3d at 543.
Accordingly, we DENY the petition for review.