# Matter of Alejandro MORENO-ESCOBOSA, Respondent

File A026 306 037 - Florence, Arizona

*Decided October 30, 2009*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  The date of an alien's plea agreement, rather than the date of sentencing, is controlling in determining whether the alien is eligible for a waiver under former section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (1994).

(2) The decision of the United States Court of Appeals for the Ninth Circuit in *Abebe v. Mukasey*, 554 F.3d 1203 (9th Cir. 2009), does not invalidate 8 C.F.R. § 1212.3 (2009), so as to preclude an alien who seeks to waive a deportation ground from establishing eligibility for section 212(c) relief.

FOR RESPONDENT:  Candida S. Quinn, Esquire, Helena, Montana

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Robert C. Bartlemay, Sr., Assistant Chief Counsel

BEFORE:  Board Panel: GRANT, MILLER, and MULLANE, Board Members.

MULLANE, Board Member:

In a decision dated November 21, 2008, an Immigration Judge found the respondent removable under section 237(a)(2)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(B)(i) (2006), as an alien convicted of a controlled substance violation.  The Immigration Judge also pretermitted the respondent's application for a waiver of inadmissibility under former section 212(c) of the Act, 8 U.S.C. § 1182(c) (1994), and denied his application for cancellation of removal under section 240A(a) of the Act, 8 U.S.C. § 1229b(a) (2006).  The respondent has appealed from that decision. The respondent's request for a waiver of the filing fee for the appeal is granted pursuant to 8 C.F.R. § 1003.8(a)(3) (2009).  The appeal will be sustained and the record will be remanded to the Immigration Judge for further proceedings.

## I.  FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Mexico who was admitted to the United States as a lawful permanent resident on October 23, 1985.  He is the father of four United States citizen children.  The record reflects that he was convicted in Arizona of unlawful possession of more than 8 pounds of marijuana on the basis of a guilty plea entered on July 21, 1991.  The respondent failed to appear for sentencing, was later apprehended, and on October 26, 2005, was sentenced to more than 4 years of imprisonment.

The Immigration Judge concluded that the respondent's conviction rendered him removable and statutorily ineligible for a waiver under section 212(c) of the Act.  According to the Immigration Judge, the respondent was ineligible because although he pled guilty to his offense in 1991, the conviction did not become final until he was sentenced in 2005, after the repeal of section 212(c).  The Immigration Judge also denied the respondent's application for cancellation of removal in the exercise of discretion.

## II.  ANALYSIS

We review the findings of fact made by the Immigration Judge to determine whether they are "clearly erroneous."  *See Matter of S-H-*, 23 I&N Dec. 462 (BIA 2002); 8 C.F.R. § 1003.1(d)(3)(i) (2009).  There is clear error in a factual finding when the reviewing body is "'left with the definite and firm conviction that a mistake has been committed.'"  *Matter of R-S-H-*, 23 I&N Dec. 629, 637 (BIA 2003) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).  We review de novo all other questions of law, discretion, and judgment, including the question whether the parties have met the relevant burden of proof.  *See Matter of A-S-B-*, 24 I&N Dec. 493 (BIA 2008); 8 C.F.R. § 1003.1(d)(3)(ii).  Since the respondent's request for relief was filed after May 11, 2005, these proceedings are governed by the provisions of the REAL ID Act of 2005, Division B of Pub. L. No. 109-13, 119 Stat. 302.  *See Matter of S-B-*, 24 I&N Dec. 42 (BIA 2006).

The respondent argues on appeal that the Immigration Judge erred in finding him ineligible for a waiver of inadmissibility under former section 212(c) of the Act.  He asserts that his case is covered by *INS v. St. Cyr*, 533 U.S. 289 (2001), in which the United States Supreme Court determined that although section 212(c) was repealed in 1996, the waiver remains available to aliens whose convictions were obtained through plea agreements and who would have been eligible for relief at the time of their plea.  Thus he contends that he is eligible for a waiver because he entered a guilty plea on July 21, 1991, even though he was not sentenced until October 26, 2005.

We agree with the respondent's contentions. It is the date of an alien's plea agreement, rather than the date of sentencing, that controls in determining whether the alien is eligible for a section 212(c) waiver. This is so because the Supreme Court was concerned with an alien's reliance on the availability of section 212(c) relief when he agreed to plead guilty. *INS v. St. Cyr*, 533 U.S. at 321-25. Therefore, because the respondent entered a guilty plea in 1991, we conclude that he is not precluded from establishing eligibility for a waiver on the basis of his 2005 sentencing date.

Whether the respondent is eligible for a section 212(c) waiver also turns on the recent decision of the United States Court of Appeals for the Ninth Circuit in *Abebe v. Mukasey*, 554 F.3d 1203 (9th Cir. 2009) (en banc). In that case the Court overruled its holding in *Tapia-Acuna v. INS*, 640 F.2d 223 (9th Cir. 1981), that "there's no rational basis for providing section 212(c) relief from inadmissibility, but not deportation." *Abebe v. Mukasey*, 554 F.3d at 1207. The court then rejected the petitioner's equal protection claim, stating that because he "was not eligible for section 212(c) relief in the first place, the BIA could not have committed an equal protection violation by denying him such relief." *Id.* Nevertheless, the court noted the existence of a regulation that provided that aliens charged with grounds of deportability were eligible for section 212(c) relief. While the court seemed to invite reconsideration and "eventually repeal" of that regulation, it pointed out that "nothing we say today casts any doubt on the regulation." *Id.*

We requested that the parties submit briefs on the question whether the respondent remains eligible for a section 212(c) waiver in light of *Abebe v. Mukasey*. Both the respondent and the Department of Homeland Security agree that *Abebe* does not foreclose a section 212(c) waiver simply because an alien is charged with a ground of deportability rather than a ground of inadmissibility. We agree.

The regulations at 8 C.F.R. § 1212.3 (2009) authorize an alien in removal proceedings or in former exclusion or deportation proceedings (i.e., either an alien who is seeking admission at the border or one who is inside the United States) to apply for section 212(c) relief before an Immigration Judge. Ordinarily, we are bound to apply the regulations. *See, e.g.*, *Matter of Ponce De Leon*, 21 I&N Dec. 154, 158 (BIA 1996). An exception to this rule may be made when a regulation is contrary to circuit court precedent. *See id.* at 159. In this case, we are not presented with the issue of having to choose between the regulation and court precedent, as the Ninth Circuit expressly stated that its conclusion does not "cast[] any doubt on the regulation." *Abebe v. Mukasey*, 554 F.3d at 1207. Because the regulation is not limited to aliens who are at the border seeking to waive a ground of inadmissibility, we conclude that the respondent is eligible to apply for a section 212(c)

waiver. Accordingly, we will sustain his appeal from the Immigration Judge's decision to pretermit his application for section 212(c) relief.

It is important to note that nothing in this decision is intended to cast doubt on our prior holdings where we articulated the "statutory counterpart" rule that an alien seeking to waive a deportation ground must establish that there is a comparable ground of inadmissibility in section 212(a) of the Act. *See, e.g.*, *Matter of Brieva*, 23 I&N Dec. 766 (BIA 2005), *aff'd sub nom. Brieva-Perez v. Gonzales*, 482 F.3d 365 (5th Cir. 2007). Indeed, the Ninth Circuit's decision in *Abebe v. Mukasey* can be fairly read as rejecting the equal protection challenge to the application of the statutory counterpart rule.

Ordinarily, when an Immigration Judge erroneously pretermits an application for relief, the remedy is to remand the case for full consideration of the application. This case is unusual in that the factors considered in an application for section 212(c) relief are essentially the same as those considered in adjudicating an application for cancellation of removal under section 240A(a) of the Act. *See Matter of C-V-T-*, 22 I&N Dec. 7, 11 (BIA 1998). Indeed, in cases where an alien is eligible for both forms of relief we would not expect an Immigration Judge to hold separate or bifurcated evidentiary hearings on the section 212(c) application and the cancellation of removal application. We could therefore rely on the Immigration Judge's discretionary decision on the respondent's cancellation of removal application to decide whether to grant his section 212(c) waiver. However, given the confusion associated with the availability of section 212(c) relief and the respondent's separate claim that the Immigration Judge did not give adequate consideration to all of his equities, including his significant employment history and his volunteer and civic activities, the better course is to remand for a full and complete decision on both the section 212(c) application and the application for cancellation of removal. On remand, the Immigration Judge should weigh all of the positive and negative factors presented.

**ORDER**: The appeal is sustained.

**FURTHER ORDER**: The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.