NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3290
_____

MARLON GERARDO PALMER
a/k/a MARLON GERARDO PALMER-SAMPSON,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.
_____

On Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA 1:A017-556-268)
Immigration Judge: Honorable Walter A. Durling
_____

Submitted Under Third Circuit LAR 34.1(a)
February 9, 2011

Before:  JORDAN, GREENAWAY, JR. and WEIS, *Circuit Judges*.

(Filed:  April 5, 2011)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Marlon Palmer petitions this Court to review a decision by the Board of

Immigration Appeals ("BIA" or "Board") affirming the decision of an Immigration Judge

("IJ") denying his applications for a waiver of deportation under Immigration and Naturalization Act ("INA") § 212(c). Palmer also asserts that the BIA erred by dismissing his claim that his former counsel provided him ineffective assistance. For the reasons discussed below, we will deny the petition for review.

## I.    Background

Palmer is a native of Costa Rica and was admitted to the United States as a lawful permanent resident in December of 1967. On April 1, 1996, Palmer made a threatening phone call to a Pennsylvania judge who had incarcerated Palmer for failing to pay certain fines. Palmer was subsequently arrested, tried, and convicted for making terroristic threats, harassment, and retaliation for past official action. On February 5, 1997, he was sentenced to a period of probation for the threats and harassment convictions and a period of incarceration for the retaliation conviction. On December 17, 2002, Palmer was resentenced to a period of one to five years' incarceration with a credit of sixty-nine days served for violating the conditions of his probation related to his terroristic threats conviction and to a period of sixty-nine days to one year for violating the conditions of his probation related to his harassment conviction. Palmer was released from jail on October 10, 2008, and subsequently charged with removability pursuant to INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony.

On March 11, 2009, an IJ found Palmer to be removable after holding that his terroristic threats conviction under Pennsylvania law constituted a conviction for an aggravated felony. Applying the law in effect at the time of Palmer's arrest, the IJ further

2

held that Palmer was ineligible for a waiver of deportability under INA § 212(c) since he was incarcerated for at least five years as a result of his terroristic threats conviction. Palmer appealed the IJ's decision to the BIA. He argued that he was prejudiced by ineffective assistance of counsel and that he was eligible for § 212(c) relief because it was error to count the time he spent in jail for violating probation as time he was incarcerated for his terroristic threats conviction.[1] The Board dismissed his appeal. It held that Palmer failed to meet his burden on his claim of ineffective assistance of counsel, and it agreed with the IJ that Palmer had served at least five years' incarceration as a result of his terroristic threats conviction due to his resentencing for violating his probation.

Palmer's timely petition for review is now before us.

## II.  Jurisdiction and Standard of Review

We have jurisdiction to review the final decision of the BIA under 8 U.S.C. § 1252(a)(2)(D). We must sustain the BIA's decision if it is supported by substantial evidence. *Jarbough v. Att'y Gen. of the U.S.*, 483 F.3d 184, 191-92 (3d Cir. 2007). We look to the decision and reasoning of the IJ, to the extent the BIA deferred to or adopted it; otherwise, we look to the decision of the BIA. *See Chavarria v. Gonzalez*, 446 F.3d 508, 515 (3d Cir. 2006); *Li v. Att'y Gen.*, 400 F.3d 157, 162 (3d Cir. 2005). The BIA's decision "must be upheld unless the evidence not only supports a contrary conclusion, but compels it." *Abdille v. Ashcroft*, 242 F.3d 477, 483-84 (3d Cir. 2001).

---

[1] Palmer did not challenge his removability on appeal.

## III. Discussion

The record does not compel us to overturn the BIA's dismissal of Palmer's appeal. Palmer's conviction for making terroristic threats constitutes a conviction for an aggravated felony under the INA. *See* INA § 101(a)(43)(F), 8 U.S.C. § 1101(a)(43)(F) (defining an aggravated felony to include "a crime of violence … for which the term of imprisonment [is] at least one year"); *Bovkun v. Ashcroft*, 283 F.3d 166, 169-70 (3d Cir. 2002) (holding that, under Pennsylvania law, a terroristic threats violation is a crime of violence for immigration purposes). Therefore, Palmer is removable unless he qualifies for a waiver under former § 212(c). INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii). Under the version of § 212(c) that was in force on the day of Palmer's arrest,[2] Palmer would not qualify for a waiver if he was convicted of an aggravated felony and served a term of imprisonment of five years or greater. INA § 212(c), 8 U.S.C. § 1182(c) (effective until April 24, 1996) (subsequently amended) (stating that waiver is unavailable "to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years"). Substantial evidence in the record before us supports the BIA's conclusion that Palmer served at least five years in jail for violating the terms of his

---

[2] We reference the date of Palmer's arrest only to demonstrate that even under the more forgiving version of § 212(c) in effect on the date of Palmer's first interaction with the justice system with regard to his terroristic threats conviction, Palmer would not qualify for a waiver of deportation. We do not reach or comment on whether changes to § 212(c) that occurred after Palmer's arrest or conviction may apply to him. *See Atkinson v. Att'y Gen.*, 479 F.3d 222 (3d. Cir. 2007) (discussing retroactivity of amendments to § 212(c)).

probation relating to his terroristic threats conviction.[3]  That five-year period of

incarceration properly relates back to Palmer's original terroristic threats conviction.  *See*

*Johnson v. United States*, 529 U.S. 694, 700-01 (2000) (holding that penalties associated

with revocation of parole are attributable to the original conviction).  Therefore, Palmer

would not have qualified for a waiver under former § 212(c).[4]

## IV.    Conclusion

For the foregoing reasons, we will deny Palmer's petition for review.

---

[3] Palmer was incarcerated from the day he was resentenced for his probation violation, December 17, 2002, until October 10, 2008.  Before he was resentenced for his probation violation, Palmer had served sixty-nine days in jail – a time which was credited against his term of imprisonment for violating his probation for his terroristic threats conviction.  That time of pre-sentencing incarceration is properly counted towards the term Palmer served for his aggravated felony.  *See Moreno-Cebrero v. Gonzales*, 485 F.3d 395, 398-400 (7th Cir. 2007) (time spent in pre-trial detention counts toward the five-year incarceration term under § 212(c)); *Spina v. Dep't of Homeland Sec.*, 470 F.3d 116, 127-29 (2d Cir. 2006) (same).  Therefore, Palmer served a total of six years in jail for violating the terms of his probation, five years of which is attributable to his violation of the terms of his probation relating to his terroristic threats conviction.

[4] Because our conclusion regarding Palmer's failure to qualify for a waiver under former § 212(c) is dispositive, we do not reach the other issues raised by Palmer on appeal.  *See Georgine v. Amchem Products, Inc.*, 83 F.3d 610, 623 (3d Cir. 1996) (holding it prudent not to decide issues unnecessary to the disposition of a case).