In the

# United States Court of Appeals
## For the Seventh Circuit

No. 05-2968

JEAN M. VALERE,

*Petitioner,*

*v.*

ALBERTO R. GONZALES,

*Respondent.*

Petition for Review of an Order
of the Board of Immigration Appeals.
No. A17-769-408

ARGUED MARCH 31, 2006—DECIDED JANUARY 11, 2007

Before ROVNER, EVANS, and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* Jean Marie Valere, a citizen of
Haiti, was admitted to the United States as a lawful
permanent resident in 1968, when he was ten years old. In
1994 he pleaded guilty to indecent assault of a child in
Florida. Based on that conviction, the United States
identified Valere as an aggravated felon and in 1998
initiated removal proceedings against him. Valere eventu-
ally sought relief under § 212(c) of the Immigration and
Naturalization Act ("INA"), 8 U.S.C. § 1182(c) (1994),
which was repealed in 1996 but under *INS v. St. Cyr*, 533
U.S. 289, 326 (2001), remains available to aliens who
pleaded guilty to an aggravated felony prior to the effec-
tive date of the repeal and would have been eligible for

relief under the law then in effect. An Immigration Judge ("IJ") granted relief, but the Board of Immigration Appeals ("BIA") reversed, relying on *In re Blake*, 23 I. & N. Dec. 722 (B.I.A. 2005), which held that an alien removable on the basis of a conviction for sexual abuse of a minor is ineligible for relief under § 212(c) because that crime has no statutory counterpart in § 212(a) of the INA, 8 U.S.C. § 1882(a).

In his petition for review, Valere argues that *Blake* and a 2004 regulation codifying the "statutory counterpart" rule for determining a removable alien's eligibility for § 212(c) relief have an impermissibly retroactive effect as applied to his case. He also asserts that the "statutory counterpart" requirement violates equal protection. We deny the petition for review.

## I. Background

Valere came to the United States from Haiti in 1968, at age ten, and was admitted as a legal permanent resident. In 1994 he pleaded guilty to a Florida charge of indecent assault of a child and was sentenced to four-and-a-half years' imprisonment. In 1998 the Department of Homeland Security ("DHS") (then called the Immigration and Naturalization Service or "INS") issued a Notice to Appear, charging that Valere was deportable under § 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii) (1998), as an alien convicted of an aggravated felony, and under § 237(a)(2)(E)(i), 8 U.S.C. § 1227(a)(2)(E)(i) (1998), as an alien convicted of a crime of domestic violence, stalking, child abuse, child neglect, or child abandonment.

At Valere's initial removal hearing, the IJ held that the INS had established Valere's status as an aggravated felon, *see* 8 U.S.C. § 1101(a)(43)(A) (1998), and ordered him removed to Haiti. Valere unsuccessfully appealed this

decision to the BIA. In July 2003 the DHS detained Valere to execute the removal order against him. At this point Valere moved to reopen his removal proceedings, citing *St. Cyr*, in which the Supreme Court held that § 212(c) relief remained available, despite its repeal, to aliens whose criminal convictions were obtained through guilty pleas prior to the effective date of the repeal and who would have been eligible to apply for § 212(c) relief under the law in effect at the time of the plea. *St. Cyr*, 533 U.S. at 326. The IJ granted Valere's motion to reopen on the basis of *St. Cyr*.

After a change of venue from Miami to Chicago, Valere submitted his § 212(c) waiver application, which the IJ granted after a merits hearing. The DHS appealed, and during the pendency of the appeal, the BIA issued its ruling in *Blake*, holding that an alien deportable because of a conviction for sexual abuse of a minor is not eligible for a § 212(c) waiver because there is no statutory counterpart to that offense in the enumerated grounds for inadmissibility in § 212(a). Relying on *Blake*, the BIA reversed the IJ's decision and ordered Valere removed to Haiti. Valere petitioned for review in this court.

## II. Discussion

Aliens who have committed certain crimes generally may not be admitted to the United States. 8 U.S.C. § 1182(a)(2) (2000). The current § 212(a) of the INA enumerates the grounds, including the commission of certain crimes, which render an alien inadmissible. Under former § 212(c), in effect at the time Valere entered his guilty plea to indecent assault of a child, the Attorney General was authorized to grant discretionary admission to an otherwise excludable alien ("inadmissibility" was formerly known as "exclusion"). 8 U.S.C. § 1182(c) (1994). Former § 212(c) allowed a discretionary waiver of

inadmissibility for permanent resident aliens who voluntarily left the United States, sought reentry, and were returning to a "lawful unrelinquished domicile" of seven (or in some cases, ten) years. *Id.* Not all returning aliens were eligible to apply for a § 212(c) waiver, however; an amendment passed in 1990 prohibited § 212(c) relief for aliens convicted of aggravated felonies who served terms of imprisonment of five years or more. Immigration Act of 1990, Pub. L. No. 101-649, § 511, 104 Stat. 4978, 5052 (1990) (amending 8 U.S.C. § 1182).

By its terms, former § 212(c) applied only to lawful resident aliens who were denied *admission* to the United States after voluntarily leaving the country and then attempting reentry. 8 U.S.C. § 1182(c) (1994). But in *Francis v. INS*, 532 F.2d 268 (2d Cir. 1976), the Second Circuit expanded the statute's applicability, making § 212(c) waivers available to aliens who had not left the country at all but were subject to removal (formerly know as "deportation") on grounds substantially similar to the enumerated grounds for inadmissibility in § 212(a). *See Leal-Rodriguez v. INS*, 990 F.2d 939, 948-49 (7th Cir. 1993). Applying a minimal-scrutiny equal protection analysis, the court in *Francis* held there was no rational basis for making § 212(c) relief available only to inadmissible aliens seeking reentry and not to similarly situated deportable aliens who had not left the country. *Francis,* 532 F.2d at 272-73.

In *In Matter of Silva*, 16 I. & N. Dec. 26 (B.I.A. 1976), the BIA adopted the Second Circuit's position. *Leal-Rodriguez*, 990 F.2d at 949*; see also Kim v. Gonzales*, 468 F.3d 58, 60 (1st Cir. 2006). Thus, § 212(c) eligibility was extended to removable aliens who had not left the country, but only if the removable alien was situated similarly to a returning inadmissible alien. That is, a removable (deportable) alien was eligible to apply for

§ 212(c) relief *provided* that the ground for his removability had a statutory counterpart in the enumerated grounds for inadmissibility in § 212(a). *Leal-Rodriguez*, 990 F.2d at 949; *see also Kim*, 468 F.3d at 62-63; *Drax v. Reno*, 338 F.3d 98, 107-08 (2d Cir. 2003).

The passage of the Antiterrorism and Effective Death Penalty Act ("AEDPA") in 1996 wrought more changes in § 212(c), identifying certain convictions that would make an alien ineligible for waiver consideration. Pub. L. No. 104-132, § 440(d), 110 Stat. 1214, 1277 (1996) (amending 8 U.S.C. § 1182). Later that same year, the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") repealed § 212(c) altogether, replacing it with 8 U.S.C. § 1229b. Pub. L. 104-208, 110 Stat. 3009-594 (creating 8 U.S.C. § 1229b). Section 1229b grants the Attorney General authority to cancel removal only for certain classes of inadmissible or deportable aliens, but excludes from consideration aliens previously convicted of aggravated felonies. 8 U.S.C. § 1229b. Section 1229b applies to aliens in removal proceedings after April 1, 1997. *Velez-Lotero v. Achim*, 414 F.3d 776, 780 (7th Cir. 2005).

In October 2004 the DHS promulgated 8 C.F.R. § 1212.3, which codified the judicially created "statutory counterpart" rule noted above, as well as the Supreme Court's decision in *St. Cyr*, which held that "the repeal of § 212(c) was impermissibly retroactive as applied to aliens who pleaded guilty prior to IIRIRA's effective date in the expectation that they would continue to be eligible for § 212(c) waivers." *Velez-Lotero*, 414 F.3d at 780. More specifically, § 1212.3(h) permits § 212(c) relief for aliens who pleaded guilty before April 1, 1997, the date the 1996 repeal of § 212(c) took effect. Section 1212.3(f)(5) states that an alien is ineligible for a former § 212(c) waiver if he is deportable or removable "on a ground which does not have a statutory counterpart in section 212 of the Act."

The BIA held that Valere was ineligible for a § 212(c) waiver because under the authority of *Blake*, the aggravated felony for which he was being deported—indecent assault of a minor—had no statutory counterpart in § 212(a). In *Blake*, the BIA traced the evolution of the statutory counterpart rule, codified in § 1212.3(f)(5), and held that the crime of sexual abuse of a minor had no statutory counterpart in § 212(a). The BIA rejected the petitioner's argument that § 212(a)'s broad "crime of moral turpitude" ground for exclusion was a statutory counterpart to sexual abuse of a minor, holding that "the moral turpitude ground of exclusion addresses a distinctly different and much broader category of offenses than the aggravated felony sexual abuse of a minor charge." *Blake*, 23 I. & N. Dec. at 728. *Blake* held that while there need not be a "perfect match" in order to satisfy the "statutory counterpart" requirement, an "overlap" in categories of crimes—even a "considerable overlap"—is not enough. "[W]hether a ground of deportation or removal has a statutory counterpart in the provisions for exclusion or inadmissibility turns on whether Congress has employed similar language to describe substantially equivalent categories of offenses." *Id.*

Valere does not directly challenge the BIA's conclusion in *Blake* that the crime of sexual abuse of a minor has no statutory counterpart in § 212(a). Neither does he attempt to distinguish his crime of conviction—indecent assault of a minor—from the sexual abuse of a minor offense at issue in *Blake*. Rather, he argues that the BIA's application of *Blake* to his case—and by extension, the application of § 1212.3(f)(5)—has an impermissibly retroactive effect. He also claims that application of the statutory counterpart requirement of § 1212.3(f)(5) violates his equal protection rights.

Before proceeding to the substance of these claims, we note that we have jurisdiction to resolve them. Although

§ 242(a)(2)(C) of the INA, 8 U.S.C. § 1252(a)(2)(C), strips this court of jurisdiction to entertain reviews of "any final order of removal against an alien who is removable by reason of having committed a criminal offense covered by section 1182(a)(2) or 1227(a)(2)(A)(iii) . . . of this title," § 1252(a)(2)(D) permits appellate court review of constitutional claims and questions of law. *Knutsen v. Gonzales*, 429 F.3d 733, 736 (7th Cir. 2005). Valere's retroactivity and equal protection claims are reviewed de novo. *Knutsen,* 429 F.3d at 736; *Hassan v. INS*, 110 F.3d 490, 493 (7th Cir. 1997).

The contours of Valere's retroactivity argument are fuzzy at best. Valere seems to be arguing that the decision in *St. Cyr* gave rise to a vested right—the right to § 212(c) eligibility—that was eliminated by the application of the new DHS regulation, § 1212.3(f)(5), to his case. He contends that applying *Blake* (and thus § 1212.3(f)(5)) impairs his right to § 212(c) eligibility and thus has an impermissibly retroactive effect in violation of the rule of *Landgraf v. USI Film Prods.*, 511 U.S. 244, 280 (1994).

But Valere never had any right to § 212(c) eligibility. *St. Cyr* only extended § 212(c) eligibility to those who would have qualified to apply for this relief at the time of their guilty pleas and prior to the effective date of the repeal—it did not extend eligibility to aliens who would not have qualified under the law then in effect. The "statutory counterpart" rule for deportees seeking to invoke § 212(c) appears in the case law as far back as the late 1970s, well before Valere's guilty plea. *See, e.g.*, *Leal-Rodriguez*, 990 F.2d at 949; *Matter of Montenegro*, 20 I. & N. Dec. 603 (B.I.A. 1992); *Matter of Meza*, 20 I. & N. Dec. 257 (B.I.A. 1991); *Matter of Wadud*, 19 I. & N. Dec. 182 (B.I.A. 1984); *Matter of Granados*, 16 I. & N. Dec. 726 (B.I.A. 1979). Section 1212.3(f)(5) is simply the agency's codification of this preexisting, judicially created rule. Although the

*Blake* decision marked the first time the BIA applied the rule to the crime of sexual assault of a minor, the rule itself is not new. Valere's crime of indecent assault of a minor—like Blake's crime of sexual abuse of a minor—had no statutory counterpart in § 212(a) at the time Valere pleaded guilty. Accordingly, because Valere did not at the time of his guilty plea have a legal right to apply for a waiver under § 212(c), application of *Blake* (and by extension § 1212.3(f)(5)) did not impair any established right he possessed and is not impermissibly retroactive.

That leaves Valere's equal protection argument, which is likewise difficult to make out. He seems to suggest that the Second Circuit's reasoning in *Francis* requires that § 212(c) eligibility be extended to *all* removable aliens—not just those who are similarly situated to inadmissible aliens by virtue of being removable for a crime that has a comparable ground of exclusion in § 212(a). He argues that equal protection requires that "no distinction shall be made between permanent resident aliens who proceed abroad and nondeparting aliens who apply for the benefits of section 212(c) of the Act." But the requirement of a comparable ground of exclusion in § 212(a)—a "statutory counterpart"—is what makes a removable, nondeparting alien similarly situated to an inadmissible alien in the first place. If the removable alien's crime of conviction is not substantially equivalent to a ground of inadmissibility under § 212(a), then the removable alien is not similarly situated for purposes of claiming an equal protection right to apply for § 212(c) relief.

Section 212(c) on its face applies only to aliens seeking readmission to the country, not those being deported. Beginning with *Francis*, courts and the BIA have held § 212(c) relief is available to deportees who are *similarly situated* to inadmissibles, i.e., are being deported on a ground that substantially corresponds to a ground for

inadmissibility under § 212(a). These holdings established the statutory counterpart rule that was codified in 8 C.F.R. § 1212.3(f)(5) and applied in *Blake*. Valere argues that unless § 212(c) relief is available to *all* people facing deportation for convictions obtained by guilty plea prior to § 212(c)'s repeal, the regulation violates equal protection. In *Leal-Rodriguez*, we declined to expand the reach of § 212(c) beyond the Second Circuit's holding in *Francis*, specifically rejecting the argument that § 212(c) eligibility "should be extended to all deportable aliens, whatever their ground for expulsion." *Leal-Rodriguez*, 990 F.3d at 950. Valere's treatment is not different from other aliens who face deportation for reasons that have no corresponding ground for inadmissibility under § 212(a). Because there is no statutory counterpart in § 212(a) for his crime of indecent assault of a minor, Valere is not similarly situated to an inadmissible, returning alien who is eligible to apply for § 212(c) relief.

Valere's petition for review is DENIED.

A true Copy:

Teste:

_____

*Clerk of the United States Court of Appeals for the Seventh Circuit*