In the

# United States Court of Appeals

## For the Seventh Circuit

No. 05-4105

DIMAS ANTONIO MORENO-CEBRERO,

*Petitioner,*

*v.*

ALBERTO R. GONZALES, Attorney General
of the United States,

*Respondent.*

On Petition to Review an Order
of the Board of Immigration Appeals.
No. A11-125-754

ARGUED SEPTEMBER 21, 2006—DECIDED MAY 10, 2007

Before BAUER, CUDAHY, and WOOD, *Circuit Judges.*

WOOD, *Circuit Judge.* Dimas Antonio Moreno-Cebrero
is facing removal from the United States because he has
been convicted of an aggravated felony. Although he
recognizes that this is indeed a valid ground of removal,
Moreno is seeking the opportunity to apply for a waiver
under § 212(c) of the Immigration and Nationality Act
(INA), 8 U.S.C. § 1182(c) (1994). The Immigration Judge
(IJ) found him ineligible because § 212(c) bars relief for
an individual "convicted of one or more aggravated felonies
and [who] has served for such a felony or felonies a term
of imprisonment of at least 5 years." Moreno, she found,

met both of those conditions. The Board of Immigration Appeals (BIA) affirmed without opinion.

In assessing the question whether Moreno met the five-year requirement, the IJ decided that the statute required her to include the time that Moreno spent in jail awaiting trial. Moreno was not granted bail before trial, and in calculating the amount of time he was to remain in custody after his conviction, the Bureau of Prisons (BOP) credited him for the time he had already served. The sole issue before this court is thus one of statutory interpretation: Is detention prior to a criminal conviction counted as part of a term of imprisonment in determining the eligibility of a removable alien under former INA § 212(c)? We conclude, reviewing this question of law *de novo*, that the answer is yes, and we therefore deny the petition for review.

**I**

Although Moreno is a citizen of Mexico, he has been a lawful resident of the United States since November 11, 1963. The first 27 years of his residence passed without incident. Unfortunately for Moreno, the 28th year did not. On August 15, 1991, he was arrested and charged with being a member of a drug conspiracy. He later pleaded guilty of conspiracy to possess a controlled substance with intent to distribute in violation of 21 U.S.C. § 846. On June 22, 1992, he was sentenced to 80 months' incarceration, to be followed by 60 months of supervised release.

On June 6, 1997, the day of Moreno's release from federal prison, he was served with a Notice to Appear (NTA) by the then-Immigration and Naturalization Service (whose responsibilities for this function are now performed by the Immigration and Customs Enforcement section of the Department of Homeland Security (DHS)).

The NTA charged Moreno with removability under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), because his criminal conviction was for an aggravated felony, and § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), because his conviction was a violation of federal law relating to a controlled substance. Moreno admitted the factual allegations contained in the NTA at a removal hearing conducted on February 24, 1998, and the IJ found him removable. Although Moreno applied for a waiver under § 212(c), the IJ initially denied his request because, at that time, the BIA had taken the position that this relief had been precluded by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA). She ordered that Moreno be deported to Mexico.

While Moreno's case was on appeal to the BIA, however, the Supreme Court decided *INS v. St. Cyr*, 533 U.S. 289 (2001). In *St. Cyr*, the Court held that even after the changes made in AEDPA and IIRIRA, discretionary relief under § 212(c) "remains available for aliens . . . whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." 533 U.S. at 326. See also *Valere v. Gonzales*, 473 F.3d 757, 758 (7th Cir. 2007). Given the ruling in *St. Cyr*, the BIA remanded Moreno's case for further proceedings and ordered the immigration court to consider his eligibility for relief under that section.

As the BIA noted in its January 4, 2002, remand order, the threshold issue on remand was whether Moreno met the statutory criteria for eligibility under § 212(c). The literal terms of the statute address only admission to the United States, not removal (or deportation). It gives the Attorney General discretion to admit "[a]liens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unre-

linquished domicile of seven consecutive years," notwith-
standing their excludability under INA § 212(a), 8 U.S.C.
§ 1182(a). Section 212(c) has not, however, been under-
stood as a law limiting the Attorney General's discretion
to this class of readmissions. "[C]ourts and the BIA have
held § 212(c) relief is available to deportees who are
*similarly situated* to inadmissibles, *i.e.*, are being deported
on a ground that substantially corresponds to a ground for
inadmissibility under § 212(a)." *Valere*, 473 F.3d at 762
(emphasis in original). See also *Francis v. INS*, 532 F.2d
268, 272 (2d Cir. 1976); *Matter of Silva*, 16 I. & N. Dec. 26
(BIA 1976). In order to be eligible for the waiver, the
alien must not have been "convicted of one or more ag-
gravated felonies" and have "served for such felony or
felonies a term of imprisonment of at least 5 years."
§ 212(c).

The critical question here is whether Moreno served a
"term of imprisonment" of five years. There is no disagree-
ment about the amount of time that he spent in either pre-
conviction detention or post-conviction incarceration. The
parties dispute only whether the pre-conviction detention
counts toward the five-year period of time. After his
arrest on August 15, 1991, Moreno remained in detention
until his conviction and sentencing on June 22, 1992, at
which time the BOP credited him with 312 days of time
served. From the date of his sentencing until his release
on June 6, 1997, he served just under five years—a total of
1810 days or 258 weeks and four days. (By our calcula-
tions, this was 16 days short of five years.) If the detention
prior to conviction is part of Moreno's term of imprison-
ment, he spent more than five years behind bars and is
statutorily ineligible for relief; if it is not included, he
served less than five years. Whether or not that would
help him is unclear. As we explain below in more detail,
since 1996 the INA has defined a "term of imprisonment"
to include "the period of incarceration or confinement
ordered by a court of law regardless of any suspension of

the imposition or execution of that imprisonment or sentence in whole or in part." INA § 101(a)(48), 8 U.S.C. § 1101(a)(48). As that definition was added after Moreno's guilty plea, however, we disregard it here and proceed to the merits of Moreno's argument.

## II

Because Moreno presents a straightforward question of law, we have jurisdiction over his petition for review. See INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D), as amended by the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231. Here, the BIA affirmed the IJ's decision without an opinion; we therefore review the IJ's analysis directly. *Balogun v. Ashcroft*, 374 F.3d 492, 498 (7th Cir. 2004). Because the central question is one of statutory interpretation—the meaning of "term of imprisonment"— the government argues that the opinion of the IJ is entitled to deference. This argument, however, fails to appreciate exactly what the BIA has done here. The BIA itself emphasizes in its orders of affirmance without opinion that "[such an order] does not necessarily imply approval of all of the reasoning of that decision, but does signify the Board's conclusion that any errors in the decision of the immigration judge or the Service were harmless or nonmaterial." 8 C.F.R. § 1003.1(e)(4)(ii). The government points to no earlier decision of the BIA on which the Board might have been relying here. Even assuming that we would defer to "the BIA's interpretation of the statute it administers," see *Bazan-Reyes v. I.N.S.*, 256 F.3d 600, 605 (7th Cir. 2001), in this case the BIA has effectively informed us that it has chosen not to say anything about the IJ's reasoning. We therefore proceed to the question at hand without any thumb on the scale in favor of the IJ's decision.

The question whether detention prior to conviction should count toward the term of imprisonment used to

bar an alien from receiving relief under § 212(c) is a question of first impression in the federal courts of appeals. See, *e.g.*, *Edwards v. I.N.S.*, 393 F.3d 299, 303 (2d Cir. 2004) ("It remains an open question in this circuit whether time accrued in pretrial detention should be counted in calculating whether the five year bar applies."). We consider first whether we ought to look at the new definition of the phrase "term of imprisonment" in the INA. As we noted earlier, INA § 101(a)(48)(B) defines "term of imprisonment" as "the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part." There are serious problems with relying on that definition, however, in a case that falls within the Supreme Court's *St. Cyr* ruling. Congress added § 101(a)(48)(B) in 1996 as part of IIRIRA—the same enactment that eliminated the § 212(c) waiver. If we are to be consistent in applying § 212(c) as it existed prior to IIRIRA, as *St. Cyr* dictates for persons in Moreno's situation, we should not use a definition that was not then part of the statute. *Cf. Valere*, 473 F.3d at 761-62 (applying the law applicable at the time of petitioner's guilty plea in finding him ineligible for § 212(c) relief). In calculating the term of imprisonment for § 212(c) waivers, courts of appeals have looked to the time of actual incarceration, rather than the nominal sentence ordered by a court. See, *e.g.*, *Elia v. Gonzales*, 431 F.3d 268, 274 (6th Cir. 2005) ("Determining whether imprisonment has made an alien ineligible for § 212(c) relief 'turns not on the sentence imposed but on the period of actual incarceration.'" (quoting *United States v. Ben Zvi*, 242 F.3d 89, 99 (2d Cir. 2001))). We need not decide here whether that is the appropriate point of reference, since the outcome of Moreno's petition is the same whether we look at actual time behind bars or the sentence pronounced in court.

Freed from any binding definition in the statute, Moreno argues that "term of imprisonment" is a term of art that refers only to the period between conviction and release. He points out that there is a conjunction between the references to the conviction and the term of imprisonment in § 212(c) itself, which talks about an "alien who has been convicted of one or more aggravated felonies *and* has served for such felony or felonies a term of imprisonment of at least 5 years." (Emphasis added). Moreno adds that detention prior to conviction, which is governed by 18 U.S.C. § 3143, cannot be considered time served for such a felony because pretrial detention ends with the conviction for the crime. Detention before a conviction, he concludes, is a civil restraint, not a criminal one.

Moreno bolsters this argument by reference to the statutes that direct the BOP how to calculate when to release a person who has been incarcerated, 18 U.S.C. §§ 3585 and 3624. Section 3585(a) governs the commencement of a "sentence to a term of imprisonment," which begins on "the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." The statute also stipulates that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—(1) as a result of the offense for which the sentence was imposed . . . ." § 3585(b)(1). Section 3624(a) is the counterpart governing an incarcerated person's release date: "A prisoner shall be released by the Bureau of Prisons on the date of the expiration of the prisoner's term of imprisonment, less any time credited toward the service of the prisoner's sentence . . . ." Moreno argues that in context, the phrase "term of imprisonment" must refer solely to the period that commences on the date the prisoner enters custody after conviction

(§ 3585(a)) and ends at the expiration of the prisoner's term (§ 3624(a)). Taken together, he concludes, these statutes draw a distinction between pre-conviction time served and the term of imprisonment—precisely the distinction that Moreno would like to draw here for purposes of § 212(c).

The problem with Moreno's argument is that it fails to give proper weight to the second half of § 3585, which addresses credit for prior custody toward the service of the term of imprisonment. Once a defendant is convicted and his sentence calculated, all that remains is for the BOP to decide how (and where) he must serve that term. Time spent in "official detention prior to the date the sentence commences" is, according to the statute, part of that service. Moreno is correct that from an *ex ante* perspective the pretrial detention of an accused person is not pursuant to a conviction. This would be an entirely different case if, implausibly, someone was detained for more than five years prior to a trial and then was acquitted. (But, of course, such a person would not be removable in any event because of a conviction of an aggravated felony.) Moreno was convicted of the crime for which he was detained. As soon as he was convicted and sentenced, § 3585(b) gave him the benefit of a credit toward the service of his sentence for the time he had already served. Long before his removal proceedings began, his pretrial detention had been related to his crime of conviction. The only sensible result is to count that period as time that he "served for such felony" for purposes of § 212(c).

This conclusion is reinforced by the fact that the immigration laws use the amount of time for which a person is incarcerated as a proxy for the seriousness of the crime. As this court commented in *Guisto v. INS*, "the selection of five years' imprisonment as the line of demarcation for such 'serious' crimes is consistent with Congress's selec-

tion of five years as the mandatory minimum prison term for certain serious crimes." 9 F.3d 8, 10 (7th Cir. 1993). We have no reason to think that it mattered to Congress whether the person served time before conviction or after: it is the overall service of a term of imprisonment that reflects the seriousness of the crime and the culpability of the alien. Although immigration laws use somewhat different terminology in different places, the amount of time spent in jail or prison for a particular crime is consistently an important consideration. For example, INA § 101(f)(7), 8 U.S.C. § 1101(f)(7), excludes from the definition of someone with "good moral character" any person "who during [the preceding five years] has been confined, as a result of conviction, to a penal institution for an aggregate period of 180 days or more." In computing the period of time for purposes of this section, the BIA has held that confinement prior to conviction should be included. See *Matter of Valdovinos*, 18 I. & N. Dec. 343, 344-45 (BIA 1982).

Moreno's argument would create a senseless distinction between defendants convicted of the same crimes based on whether or not they made bail before trial. Moreno received credit for the 312 days he served before trial when the BOP calculated the length of his sentence. If the trial court in his criminal case had not ordered him detained pending trial, he would have served that additional time after his final judgment. Finding Moreno to be eligible in the former case for § 212(c) relief but not in the latter would be an odd reward for having been detained before a criminal trial.

Moreno's petition for review is DENIED.

No. 05-4105

A true Copy:

   Teste:


                              _____
                              *Clerk of the United States Court of*
                              *Appeals for the Seventh Circuit*

USCA-02-C-0072—5-10-07