In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-2607

MICHAEL FREDERICK,

*Petitioner,*

*v.*

ERIC H. HOLDER, JR., Attorney General
of the United States,

*Respondent.*

Petition for Review of an Order of
the Board of Immigration Appeals.
No. A012-464-579

ARGUED FEBRUARY 23, 2010—DECIDED MAY 3, 2011

Before BAUER, POSNER, and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* Michael Frederick was born in
Germany in 1957 and came to the United States at age
four with his mother and sister. They were admitted
as lawful permanent residents, and Frederick has
remained in the United States since his admission in
1961. In 1990 he pleaded guilty in Illinois state court to
two counts of aggravated sexual abuse of a minor. The

charges involved two victims and were issued in separate cases, and Frederick was sentenced to concurrent four-year prison terms in each case. He served these sentences and was discharged from parole in 1993. For a long time he suffered no immigration consequences as a result of his convictions.

Fourteen years later, the Department of Homeland Security issued a Notice to Appear charging that Frederick was removable from the United States as an alien convicted of an aggravated felony relating to sexual abuse of a minor. *See* 8 U.S.C. § 1101(a)(43)(A). Frederick applied for a statutory waiver of removal under § 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c). An immigration judge found him ineligible for § 212(c) relief because the crime that made him removable—an aggravated felony involving sexual abuse of a minor—has no statutory counterpart or comparable ground for inadmissibility under § 212(a) of the INA. The Board of Immigration Appeals dismissed Frederick's appeal, and he petitioned this court for review.

We deny the petition. We have previously held that an aggravated felony involving sexual abuse of a minor has no statutory counterpart to a ground of inadmissibility under § 212(a) of the INA. *See Zamora-Mallari v. Mukasey*, 514 F.3d 679, 692-93 (7th Cir. 2008). The BIA properly concluded that under *Zamora-Mallari*, Frederick is ineligible for § 212(c) relief. The "statutory counterpart" rule for § 212(c) eligibility is codified in 8 C.F.R. § 1212.3(f)(5) and well-established in BIA and circuit

precedent. That Frederick was convicted of *two* crimes of sexual abuse of a minor does not change the application of the rule.

## I. Background

In 1961 four-year-old Michael Frederick, a native and citizen of Germany, immigrated to the United States with his mother and sister and became a lawful permanent resident. In 1989 he was charged in Christian County, Illinois, with two counts of aggravated criminal sexual abuse of a minor. One of the two victims was his step-daughter. In 1990 Frederick pleaded guilty to both counts and was sentenced to two four-year terms of imprisonment; the sentences were ordered to run concurrently. He served about a year in prison, was paroled, and successfully completed parole supervision in August 1993.

On October 15, 2007, DHS filed a Notice to Appear charging Frederick with removability pursuant to INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony relating to the sexual abuse of a minor. *See* INA § 101(a)(43)(A), 8 U.S.C. § 1101(a)(43)(A) (defining "aggravated felony" to include sexual abuse of a minor). Frederick contested removability by denying that he had been convicted of sexual abuse of a minor; he also filed an application for relief under former § 212(c) of the INA—a provision that permitted the Attorney General, in his discretion, to "waive" inadmissibility.

An immigration judge found Frederick removable as charged, denied his application for § 212(c) relief, and

ordered him removed to Germany. The judge first held that DHS had established Frederick's removability under 8 U.S.C. § 1227(a)(2)(A)(iii) by clear and convincing evidence—specifically, the two charging documents in the criminal cases against him, his jury waiver, and the state-court records of conviction for two counts of aggravated criminal sexual abuse. Then, relying on the BIA's decision in *Matter of Blake*, 23 I. & N. Dec. 722 (B.I.A. 2005), and this court's decision in *Valere v. Gonzales*, 473 F.3d 757 (7th Cir. 2007), the judge found Frederick ineligible for § 212(c) relief because sexual abuse of a minor has no comparable ground of inadmissibility under § 212(a) of the INA.

Frederick appealed the immigration judge's decision to the BIA. The BIA dismissed the appeal, agreeing that Frederick was ineligible for a § 212(c) waiver in light of *Blake* and *Zamora-Mallari v. Mukasey*, 514 F.3d 679, both of which held that an aggravated felony involving sexual abuse of a minor has no statutory counterpart in a ground of inadmissibility under § 212(a) of the INA. The BIA also cited *Zamora-Mallari* for the proposition that the regulation codifying the "statutory counterpart" test did not establish a new rule and therefore was not impermissibly retroactive. The BIA noted as well that the immigration judge had properly "rejected a number of other arguments presented [by Frederick], including those relating to equal protection and due process." Finally, the BIA held that the statutory-counterpart rule articulated in *Blake* did not violate *I.N.S. v. St. Cyr*, 533 U.S. 289 (2001). Frederick petitioned this court for review challenging the BIA's determination that he is ineligible for § 212(c) relief.

## II. Discussion

We have previously described the lengthy and complex history of former § 212(c) of the INA, *see Zamora-Mallari*, 514 F.3d at 683-89; *Valere*, 473 F.3d at 759-61, and repeat that history only as necessary to decide this case. Until 1996 the Attorney General had discretion to readmit resident aliens who traveled abroad and upon reentry were found to be inadmissible under one of the grounds of inadmissibility contained in INA § 212(a), 8 U.S.C. § 1182(a). This discretionary authority to waive inadmissibility was conferred by the former § 212(c) of the INA, 8 U.S.C. § 1182(c) (1994), which by its terms applied only to exclusion proceedings—that is, to cases in which resident aliens traveled abroad and were excludable upon reentry. However, § 212(c) has been interpreted to apply to removal proceedings as well—provided the removable alien is similarly situated to a returning, excludable alien. *See Matter of Silva*, 16 I. & N. Dec. 26, 30 (1976) (adopting the standard of *Francis v. I.N.S.*, 532 F.2d 268 (2d Cir. 1976)); *Zamora-Mallari*, 514 F.3d at 684-85; *Valere*, 473 F.3d at 759-60.[1] This expansion of § 212(c) eligibility flowed from the Second Circuit's

---

[1] Before 1996 the INA contained a separate provision for waiver of deportation (now removal), *see* INA § 244, 8 U.S.C. § 1254(a)(1) & (2) (repealed 1996), but the requirements of a § 244 waiver were more stringent than those of a § 212(c) waiver. Therefore, deportable aliens found a § 212(c) waiver of inadmissibility to be a more hospitable route to relief than a § 244 waiver of deportation. *See Zamora-Mallari v. Mukasey*, 514 F.3d 679, 684 (7th Cir. 2008).

holding in *Francis* that there is "no rational basis for making § 212(c) relief available only to inadmissible aliens seeking reentry and not to similarly situated deportable aliens who had not left the country." *Valere*, 473 F.3d at 760 (summarizing the holding in *Francis*). After the Second Circuit's equal-protection ruling in *Francis*, a removable alien is eligible for a § 212(c) waiver *if* the ground for removability has a statutory counterpart or comparable ground of inadmissibility under § 212(a). *Zamora-Mallari*, 514 F.3d at 685-86; *Valere*, 473 F.3d at 760; *Leal-Rodriguez v. I.N.S.*, 990 F.2d 939, 949 (7th Cir. 1993). Conversely, aliens removable on a ground for which there is no comparable ground of inadmissibility are not similarly situated to inadmissible reentering aliens and therefore are not eligible for § 212(c) relief. This has come to be known as the "statutory counterpart" or the "comparable ground" rule.

In 1996 Congress repealed § 212(c) altogether, replacing it with the narrower 8 U.S.C. § 1229b, which permits the Attorney General to cancel removal for certain aliens, but excludes from consideration those who, like Frederick, have committed aggravated felonies. Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009-594.[2] The Supreme Court

---

[2] Before IIRIRA repealed § 212(c) altogether in 1996, Congress had excluded from that section's purview aggravated felons who had served five or more years in prison, *see* Immigration Act of 1990, Pub. L. No. 101-649, § 511(a), 104 Stat. 4978, 5052, and later eliminated § 212(c) waivers for all aggravated

(continued...)

subsequently held in *I.N.S. v. St. Cyr* that the repeal of former § 212(c) could not be retroactively applied to aliens who pleaded guilty prior to IIRIRA's effective date. 533 U.S. at 326 (holding that "§ 212(c) relief remains available for aliens . . . whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect").

In 2004 DHS implemented *St. Cyr* and codified the judicially created statutory-counterpart rule by promulgating 8 C.F.R. § 1212.3(f)(5). Section 1212.3(f)(5) provides that § 212(c) relief is available to lawful permanent-resident aliens who pleaded guilty before § 212(c) was repealed—but *only if* they satisfy the statutory-counterpart test. *See* 8 C.F.R. § 1212.3(f)(5) (application for § 212(c) relief "shall be denied" if the alien "is deportable under former section 241 of the Act or removable under section 237 of the Act *on a ground which does not have a statutory counterpart* in section 212 of the Act" (emphasis

---

2 (...continued)

felons, *see* Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, § 440(d), 110 Stat. 1214, 1277. *See also Zamora-Mallari*, 514 F.3d at 687 (describing amendments to former § 212(c)). IIRIRA also expanded the definition of aggravated felony to include sexual abuse of a minor and explicitly made that amendment retroactive. *See* IIRIRA § 321, 8 U.S.C. § 1101(a)(43); *see also Zamora-Mallari*, 514 F.3d at 690 (upholding the retroactivity of IIRIRA's amendment to the definition of aggravated felony).

added)). In other words, the regulation returned the law regarding § 212(c) eligibility to the *status quo ante*.

In 2005 the BIA issued its decision in *Blake*, 23 I. & N. Dec. 722, which applied the statutory-counterpart test to an alien who, like Frederick, was ordered removed for having been convicted of an aggravated felony involving sexual abuse of a minor. The BIA held that "the 'sexual abuse of a minor' category in the aggravated felony definition does not have a 'statutory counterpart' in the grounds of inadmissibility" under § 212(a). *Id.* at 724. Particularly relevant here, the BIA specifically rejected the argument that an aggravated felony involving sexual abuse of a minor is sufficiently comparable to a crime of moral turpitude, a statutory ground for inadmissibility in § 212(a). *Id.* at 728. The BIA explained that "the moral turpitude ground of exclusion addresses a distinctly different and much broader category of offenses than the aggravated felony sexual abuse of a minor charge." *Id.* The proper inquiry turned on whether Congress had used "similar language to describe substantially equivalent categories of offenses." *Id.* Although the crime of sexual abuse of a minor entails moral turpitude, the two categories of crimes were not substantially equivalent and thus were not statutory counterparts for purposes of extending § 212(c) relief. *Id.*

Cases from this circuit have agreed with and adopted the BIA's holding in *Blake* that aliens who are removable for sexually abusing a minor are not eligible for § 212(c) relief because that offense has no comparable ground of inadmissibility in § 212(a). *See Zamora-Mallari*, 514

F.3d at 692-93; *Valere*, 473 F.3d at 761-62. We are joined in this approach to the statutory-counterpart rule by the majority of circuits to have considered the issue. *See De la Rosa v. U.S. Att'y Gen.*, 579 F.3d 1327, 1337 (11th Cir. 2009), *cert. denied*, 130 S. Ct. 3272 (2010); *Koussan v. Holder*, 556 F.3d 403, 412-14 (6th Cir. 2009); *Vue v. Gonzales*, 496 F.3d 858, 861 (8th Cir. 2007); *Abebe v. Gonzales*, 493 F.3d 1092, 1104 (9th Cir. 2007); *Dalombo Fontes v. Gonzales*, 483 F.3d 115 (1st Cir. 2007); *Vo v. Gonzales*, 482 F.3d 363, 368-69 (5th Cir. 2007)*; Caroleo v. Gonzales*, 476 F.3d 158, 167-68 (3d Cir. 2007). Moreover, in applying the statutory-counterpart test, we look to the *actual* charge of removal, not what DHS *could* have charged as a basis for removal. *Zamora-Mallari*, 514 F.3d at 692; *see id*. ("[I]f courts were to look beyond the charged grounds of deportation to the underlying criminal offense to determine whether the criminal offense *could* have been treated as a crime of moral turpitude, that would greatly expand the role Congress assigned the judiciary in immigration cases."). Only the Second Circuit takes a different approach.[3] The Supreme

---

[3] In *Zamora-Mallari*, 514 F.3d at 692, we declined to follow the Second Circuit's decision in *Blake v. Carbone*, 489 F.3d 88 (2d Cir. 2007). The Second Circuit's decision in *Blake* adopted an offense-based approach to the statutory-counterpart inquiry. Instead of comparing the *actual* ground of removal to a ground of inadmissibility, *Blake* requires that the BIA consider whether a "particular aggravated felony offense *could* form the basis of exclusion under § 212(a) as a crime of moral turpitude." *Id.* at 104 (emphasis added). The BIA, however, generally continues

(continued...)

Court has just granted certiorari to resolve the lopsided circuit split. *Judulang v. Holder*, 249 F. App'x 499 (9th Cir. 2007), *cert. granted*, 79 U.S.L.W. 3344 (U.S. Apr. 18, 2011) (No. 10-694).

With this background in place, we now turn to Frederick's claims, noting first that while we ordinarily would lack jurisdiction to review an order of removal against an alien who is removable by reason of having committed

---

[3] (...continued)
to adhere to its prior understanding of the statutory-counterpart rule notwithstanding the Second Circuit's decision in *Blake*. *See Matter of Moreno-Escobosa*, 25 I. & N. Dec. 114, 117 (B.I.A. 2009) ("It is important to note that nothing in this decision is intended to cast doubt on our prior holdings where we articulated the 'statutory counterpart' rule that an alien seeking to waive a deportation ground must establish that there is a comparable ground of inadmissibility in section 212(a) of the Act."). We decline Frederick's invitation to replace our approach to the statutory-counterpart test with the categorical approach used in the cancellation-of-removal context under 8 U.S.C. § 1229b. Pursuant to § 1229b, the Attorney General may not cancel the removal of an alien who has been convicted of a crime of moral turpitude. 8 U.S.C. § 1229b(b)(1)(C). Whether a particular offense qualifies as a crime of moral turpitude for purposes of ineligibility for cancellation of removal is determined by the elements of the statute under which the alien was convicted. *See Padilla v. Gonzales*, 397 F.3d 1016, 1019 (7th Cir. 2005). This categorical approach is similar to the Second Circuit's reasoning in *Blake* because the starting point is the underlying offense, regardless of the actual charged ground of removal.

an aggravated felony, 8 U.S.C. § 1252(a)(2)(C), we retain jurisdiction to review constitutional claims and questions of law, *id.* § 1252(a)(2)(D). To the extent Frederick raises legal and constitutional claims in his petition for review, we review them de novo. *Klementanovsky v. Gonzales*, 501 F.3d 788, 791 (7th Cir. 2007).

Frederick first argues that he is eligible for a § 212(c) waiver because DHS *could* have charged him with removal under 8 U.S.C. § 1227(a)(2)(A)(ii) for having been convicted of "two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct," instead of charging him with removability based on a conviction for an aggravated felony involving sexual abuse of a minor. He maintains that this alternative ground makes him eligible for a § 212(c) waiver because it satisfies the statutory-counterpart rule. He also claims he had an expectation of a § 212(c) waiver at the time he entered his guilty pleas and thus falls under the purview of *St. Cyr*.

We disagree. As we have explained, under our caselaw, what DHS *could* have charged as grounds for removal is irrelevant. Here, Frederick's Notice of Removal charged him with having committed an aggravated felony involving the sexual abuse of a minor. Under established circuit precedent, sexual abuse of a minor has no comparable ground of inadmissibility in § 212(a), making Frederick ineligible for § 212(c) relief. *Zamora-Mallari*, 514 F.3d at 691. That Frederick committed *two* acts of sexual abuse of a minor instead of *one* does not change this result.

We also disagree with Frederick's claim that he is entitled to § 212(c) relief under *St. Cyr*. The Supreme Court held in *St. Cyr* that "§ 212(c) relief remains available for aliens . . . whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." 533 U.S. at 326. But Frederick was not eligible for § 212(c) relief at the time of his guilty pleas because the crime of sexual abuse of a minor has no comparable ground of inadmissibility in § 212(a). Where there is no comparable ground of inadmissibility, *St. Cyr* is simply inapplicable. *Zamora-Mallari*, 514 F.3d at 691. We need not address any of Frederick's reliance-based arguments because he was never eligible for a § 212(c) waiver in the first place.

Frederick also makes several constitutional arguments, most of which are foreclosed by circuit precedent. He contends that the statutory-counterpart rule violates his right to equal protection, but we have twice rejected this argument. *See id.* at 691-92; *Valere*, 473 F.3d at 762. We noted in *Valere* that the statutory-counterpart rule can hardly violate equal protection because it is itself the test for an equal-protection violation:

> [T]he requirement of a comparable ground of exclusion in § 212(a) . . . is what makes a removable, nondeparting alien similarly situated to an admissible alien in the first place. If the removable alien's crime of conviction is not substantially equivalent to a ground of inadmissibility under § 212(a), then the removable alien is not similarly situated for purposes

of claiming an equal protection right to apply for
§ 212(c) relief.

*Valere*, 473 F.3d at 762.

Frederick fine-tunes the argument a bit by contending
that DHS violated his equal-protection rights when it
exercised its discretion to charge him with removability
for an aggravated felony involving sexual abuse of a
minor rather than an available alternative charge of
removability for having committed two crimes of
moral turpitude—a charging decision that rendered him
ineligible for § 212(c) relief. To the extent Frederick is
asking us to review DHS's discretionary determination
of what to charge as the basis for removal, we have no
jurisdiction over that question. 8 U.S.C. § 1252(g) ("[N]o
court shall have jurisdiction to hear any cause or claim
by or on behalf of any alien arising from the decision or
action by the Attorney General to commence pro-
ceedings, adjudicate cases, or execute removal orders
against any alien under this chapter."). As charged,
Frederick is not similarly situated to a returning alien
who is inadmissible under a statutory counterpart in
§ 212(a), and therefore he has no equal-protection-
based entitlement to seek § 212(c) relief. *See Valere*, 473
F.3d at 762.

Finally, we reject Frederick's due-process challenge to
the BIA's removal order. To the extent this claim is dif-
ferent from his equal-protection argument, it appears to
rest on a contention that the BIA violated due process
by incorrectly applying its decision in *Blake* and finding
him ineligible for a § 212(c) waiver. Frederick overlooks

the fact that he has no due-process right to a § 212(c) waiver; § 212(c) relief from removal is in the discretion of the Attorney General. *See United States v. Santiago-Ochoa*, 447 F.3d 1015, 1020 (7th Cir. 2006) (holding that aliens in removal proceedings have no due-process right to be considered for discretionary relief); *see also Nguyen v. Dist. Dir., Bureau of Immigration & Customs Enforcement*, 400 F.3d 255, 259 (5th Cir. 2005) (holding that "neither relief from removal under discretionary waiver nor *eligibility* for such discretionary relief is entitled to due process protection").[4]

PETITION DENIED.

---

[4] Frederick also claims that his due-process rights were violated when the immigration judge and the BIA did not consider in full all of his constitutional objections to the statutory-counterpart test. Due process in immigration proceedings only requires that the immigration judge give Frederick a "meaningful opportunity to be heard," and nothing in the record indicates that he was deprived of that right. *Barradas v. Holder*, 582 F.3d 754, 767 (7th Cir. 2009). The BIA specifically noted that the immigration judge "rejected a number of other arguments presented [by Frederick], including those relating to equal protection and due process."