NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 4, 2011[*]
Decided May 9, 2011

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-3024

| | |
|---|---|
| MARCELINO CHAVIRA-CERVANTES, *Petitioner,* | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | No. A30 268 817 |
| ERIC H. HOLDER, JR., Attorney General of the United States, *Respondent*. | |

**O R D E R**

Marcelino Chavira-Cervantes, a Mexican citizen, entered the United States in 1971 as a lawful permanent resident. In 1990 he pleaded guilty in Illinois to charges of forcible rape. *See* ILL. REV. STAT. CH. 38, § 12-13(a)(1) (1985) (since redesignated 720 ILCS 5/12-13(a)(1)). Congress later included rape among the aggravated felonies that trigger removability and bar most forms of discretionary relief, *see* 8 U.S.C. §§ 1101(a)(43)(A), 1227(a)(2)(A)(iii), and in 2000 the government commenced proceedings to remove Chavira

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the petition is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

as an alien convicted of an aggravated felony. An Immigration Judge sustained the charge of removability and also rejected Chavira's application for a waiver under former § 212(c) of the Immigration and Nationality Act. *See* 8 U.S.C. § 1182(c) (1994). The Board of Immigration Appeals upheld this decision, and Chavira has petitioned for review. We confine our review to questions of law, *see* 8 U.S.C. § 1252(a)(2)(D), and deny the petition.

Chavira argues that the rape charges did not result in a conviction for an aggravated felony because he received a sentence of probation instead of imprisonment. According to Chavira, a conviction incurred before 1996 does not meet the statutory criteria for an "aggravated felony" unless a prison sentence of 5 or more years was imposed. We cannot review this argument, since it was never exhausted in the immigration courts. *See* 8 U.S.C. § 1252(d)(1); *Muratoski v. Holder*, 622 F.3d 824, 830 (7th Cir. 2010). At all events, Chavira misunderstands the law. Congress amended the statutory definition of "aggravated felony" in 1996, and that definition, which includes the crime of rape regardless of punishment, 8 U.S.C. § 1101(a)(43)(A), is retroactive, *see Alvarado-Fonseca v. Holder*, 631 F.3d 385 (7th Cir. 2011); *Flores-Leon v. INS*, 272 F.3d 433 (7th Cir. 2001).

Chavira also contends that the BIA wrongly concluded that he is not eligible for a waiver of removal under former § 212(c). That waiver permitted some aliens to enter or remain in the United States even if they had committed an act that would otherwise bar entry or end their lawful stay. *See* 8 U.S.C. § 1182(c) (1994); *Valere v. Gonzales*, 473 F.3d 757, 759 (7th Cir. 2007). Although § 212(c) was repealed in 1996, the Supreme Court held in *INS v. St. Cyr*, 533 U.S. 289, 326 (2001), that this discretionary remedy remains available to aliens who pleaded guilty before its repeal if they were eligible for the waiver at the time of conviction. The IJ concluded, and the BIA agreed, that Chavira was never eligible.

To appreciate the narrow contention raised in Chavira's brief, some background about § 212(c) is necessary. By its terms that provision authorizes a waiver of *inadmissibility* for certain aliens who would be barred from entering the United States because of a particular statutory bar to admission. 8 U.S.C. § 1182(c)(2) (1994). Chavira has never been denied admission, so § 212(c), read literally, does not apply to him. But long ago the BIA concluded that, as a matter of fairness, an alien previously admitted yet facing removal ought to have the same chance at a waiver as someone who is otherwise inadmissible and now seeks admission. *Matter of Silva*, 16 I. & N. Dec. 26 (BIA 1976). Thus, aliens in removal proceedings may apply for relief under § 212(c) on equal terms with people refused admission to the United States. *Frederick v. Holder*, --- F.3d ---, ---, 2011 WL 1642811, at *2 (7th Cir. May 3, 2011); *Zamora-Mallari v. Mukasey*, 514 F.3d 679, 684-85 (7th Cir. 2008); *Valere*, 473 F.3d at 760; *Leal-Rodriguez v. INS*, 990 F.2d 939, 949 (7th Cir. 1993); *Variamparambil v. INS*, 831 F.2d 1362, 1364 n.1 (7th Cir. 1987).

In his brief, Chavira asserts that he was denied a § 212(c) waiver only because he was subject to removal rather than exclusion. But the BIA drew no such distinction here, and has not done so since *Matter of Silva*. Instead, the BIA explained that an alien who faces removal on a statutory ground that has no counterpart in 8 U.S.C. § 1182(a)'s grounds of inadmissibility is not similarly situated to an alien seeking admission, and is thus ineligible for the waiver. 8 C.F.R. § 1212.3(f)(5); *see also Frederick*, 2011 WL 1642811, at *2; *Zamora-Mallari*, 514 F.3d at 685; *Valere*, 473 F.3d at 761-62. Fairness does not require a *broader* waiver for aliens fighting deportation than for those covered by § 212(c)'s literal language. *See Valere*, 473 F.3d at 762. Here, Chavira faces removal for the aggravated felony of rape. *See* 8 U.S.C. §§ 1101(a)(43)(A), 1227(a)(2)(A)(iii). His brief does not grapple with the BIA's legal conclusion that this ground of removal lacks a statutory counterpart in the grounds of inadmissibility, so the challenge is waived. *See Lin v. Holder*, 630 F.3d 536, 543 (7th Cir. 2010); *Haxhiu v. Mukasey*, 519 F.3d 685, 691 (7th Cir. 2008).

Finally, Chavira argues that we should remand his case for consideration of a new application he and his daughter recently filed to adjust his status. Yet that application came a month after Chavira filed the petition for review in this case. It lies outside the administrative record and cannot guide today's decision. *See* 8 U.S.C. § 1252(b)(4)(A); *see also Lin*, 630 F.3d at 543.

Accordingly, we DENY the petition for review.

HAMILTON, *Circuit Judge*, concurring.

I concur only in the result in this case because of binding circuit precedent, which I believe is mistaken. The pivotal issue here is whether petitioner is eligible to have the Attorney General exercise his discretion under former section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (1994), to waive petitioner's deportation based on his having pled guilty to a felony in 1990. When petitioner pled guilty and received only a probationary sentence for what looks like a serious crime on his record, he would have been eligible for such discretionary relief. See generally *INS v. St. Cyr*, 533 U.S. 289 (2001) (holding that Illegal Immigration Reform and Immigrant Responsibility Act of 1996 did not prevent section 212(c) relief from being available to aliens who pled guilty before enactment and who would otherwise have been eligible for section 212(c) relief at time of guilty pleas). The Board of Immigration Appeals held that this petitioner is not eligible for section 212(c) relief because there is no close "statutory counterpart" between the felony to which he pled guilty in 1990 and the statutory grounds for inadmissibility in section 212(a), codified as 8 U.S.C. § 1182(a).

The circuits are split on the Board's requirement that lawful resident aliens seeking relief under section 212(c) show such a close "statutory counterpart." This circuit is solidly on one side of the split. See *Zamora-Mallari v. Mukasey*, 514 F.3d 679, 683-93 (7th Cir. 2008) (agreeing with Board's approach and detailing history of section 212(c) and statutory counterpart requirement after *St. Cyr*); accord, *Frederick v. Holder*, No. 09-2607 (7th Cir. May 3, 2011) (following *Zamora-Mallari*); *Valere v. Gonzales*, 473 F.3d 757, 761 (7th Cir. 2007). On the other side of the split is the Second Circuit. See *Blake v. Carbone*, 489 F.3d 88 (2d Cir. 2007) (rejecting Board's approach and making section 212(c) relief available if felony could have been treated as "crime of moral turpitude" under former law).

Without repeating what others have said in detail, I agree with the Second Circuit's approach in *Blake*. I also would not hold that petitioner in this case has waived the issue in his *pro se* brief. He has made it sufficiently clear that he thinks he should be eligible for discretionary relief under former section 212(c) and *St. Cyr*, even if he has not presented the Second Circuit's analysis or explained why we should adopt that approach and switch from our approach in *Zamora-Mallari*. If we were not bound by circuit precedent, I would remand this case to the Board for further consideration consistent with the Second Circuit's decision in *Blake*.

In light of my view and our court's precedents, it might seem that I should seek appointment of counsel for petitioner, full oral argument of this case, and perhaps an *en banc* vote to reconsider *Zamora-Mallari, Frederick,* and *Valere*. Last month, however, the Supreme Court granted *certiorari* in a case asking the Court to resolve this circuit split, so we can expect resolution of the legal issue during the Court's next term. See *Judulang v. Holder*, No. 10-694, *cert. granted*, April 18, 2011. Our court is rarely inclined to grant *en banc* review for purposes of switching from one side of a circuit split to another, and certainly not when Supreme Court resolution of the issue is likely to come as quickly as our court could act. There would be no point in further consideration of this case by this court, so I simply concur in result and await the Supreme Court's decision in *Judulang*.