HAMILTON, Circuit Judge,
concurring.
I concur only in the result in this case because of binding circuit precedent, which I believe is mistaken. The pivotal issue here is whether petitioner is eligible to have the Attorney General exercise his discretion under former section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (1994), to waive petitioner’s deportation based on his having pled guilty to a felony in 1990. When petitioner pled guilty and received only a probationary sentence for what looks like a serious crime on his record, he would have been eligible for such discretionary relief. See *530 generally INS v. St. Cyr, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (holding that Illegal Immigration Reform and Immigrant Responsibility Act of 1996 did not prevent section 212(c) relief from being available to aliens who pled guilty before enactment and who would otherwise have been eligible for section 212(c) relief at time of guilty pleas). The Board of Immigration Appeals held that this petitioner is not eligible for section 212(c) relief because there is no close “statutory counterpart” between the felony to which he pled guilty in 1990 and the statutory grounds for inadmissibility in section 212(a), codified as 8 U.S.C. § 1182(a).
The circuits are split on the Board’s requirement that lawful resident aliens seeking relief under section 212(c) show such a close “statutory counterpart.” This circuit is solidly on one side of the split. See Zamora-Mallari v. Mukasey, 514 F.3d 679, 683-93 (7th Cir.2008) (agreeing with Board’s approach and detailing history of section 212(c) and statutory counterpart requirement after St. Cyr); accord, Frederick v. Holder, No. 09-2607, — F.3d —, 2011 WL 1642811 (7th Cir. May 3, 2011) (following Zamora-Mallari); Valere v. Gonzales, 473 F.3d 757, 761 (7th Cir.2007). On the other side of the split is the Second Circuit. See Blake v. Carbone, 489 F.3d 88 (2d Cir.2007) (rejecting Board’s approach and making section 212(c) relief available if felony could have been treated as “crime of moral turpitude” under former law).
Without repeating what others have said in detail, I agree with the Second Circuit’s approach in Blake. I also would not hold that petitioner in this case has waived the issue in his pro se brief. He has made it sufficiently clear that he thinks he should be eligible for discretionary relief under former section 212(c) and St. Cyr, even if he has not presented the Second Circuit’s analysis or explained why we should adopt that approach and switch from our approach in Zamora-MaUari. If we were not bound by circuit precedent, I would remand this case to the Board for further consideration consistent with the Second Circuit’s decision in Blake.
In light of my view and our court’s precedents, it might seem that I should seek appointment of counsel for petitioner, full oral argument of this case, and perhaps an en banc vote to reconsider Zamorar-Mallari, Frederick, and Valere. Last month, however, the Supreme Court granted certiorari in a case asking the Court to resolve this circuit split, so we can expect resolution of the legal issue during the Court’s next term. See Judulang v. Holder, No. 10-694, cert. granted, April 18, 2011. Our court is rarely inclined to grant en banc review for purposes of switching from one side of a circuit split to another, and certainly not when Supreme Court resolution of the issue is likely to come as quickly as our court could act. There would be no point in further consideration of this case by this court, so I simply concur in result and await the Supreme Court’s decision in Judulang.